IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Marous Brothers Construction, LLC, a corporation, and Gil Berry, an individual d/b/a Gil Berry & Associates, | ) ) ) ) |
| PLAINTIFFS, | ) ) C.A.N.: 2:07-cv-00384-ID-CSC |
| v. | ) ) ) |
| Alabama State University, et al., | ) ) |
| DEFENDANTS. | ) |

## ALABAMA STATE UNIVERSITY'S MOTION TO DISMISS

**COMES NOW** Alabama State University ("ASU") and hereby moves this Court to dismiss it as a Defendant in this action.[1] In support of said Motion, ASU states the following:

1. The Plaintiffs filed this action on May 3, 2007.

2. In addition to ASU, the Plaintiffs named President Joe A. Lee, Chairman Elton N. Dean, Sr., TCU Consulting, Percy Thomas, and Ken Upchurch as Defendants in this action.

2. The Plaintiffs allege that the Defendants committed various acts of tortious misconduct as it relates to the Plaintiffs not being selected as the developer to renovate dormitories at ASU.

3. As stated in the Plaintiffs' Complaint, this lawsuit was filed in this Court based upon diversity jurisdiction. No claims based upon the laws of the Constitution of the United States are asserted.

4. Also stated in the Plaintiffs' Complaint is that ASU is an instrumentality of the State of Alabama.

---

[1] This Motion to Dismiss is not meant to negate or contradict any of the answers and defenses asserted in President Lee and Chairman Dean's Answer to the Plaintiffs' Complaint.

5.  ASU moves to dismiss all claims against it based upon Alabama's doctrine of sovereign immunity.

I.  **STANDARD OF REVIEW**

The standard of review for a motion to dismiss is well-settled in Alabama jurisprudence. A motion to dismiss for failure to state a claim should be granted "when it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief." *Anderson v. Clark*, 775 So. 2d 749, 750 (Ala. 2000). All facts set forth in the complaint are to be accepted as true and the allegations are to be viewed most strongly in the pleader's favor. *Raley v. Citibanc of Alabama/Andulusia*, 474 So. 2d 640 (Ala. 1985). Thus, if the Plaintiffs fail to show, through its pleadings alone, that a particular set of facts exist to entitle it to relief, then the Plaintiffs' claims against ASU are due to be dismissed as a matter of law.

II.  **PLAINTIFFS' CLAIMS AGAINST ASU ARE BARRED BY THE DOCTRINE OF SOVEREIGN IMMUNITY**

Article 1 § 14 of the Constitution of Alabama provides that "the State of Alabama shall never be made a defendant in any court of law or equity." This provision is termed as the doctrine of sovereign immunity. The doctrine of sovereign immunity applies to the State as well as its agencies. *Phillips v. Thomas*, 555 So. 2d 81, 83 (Ala. 1989). Sovereign immunity is an absolute immunity and a total bar to recovery against a plaintiff's claims against the State. As commonly quoted, "the wall of immunity erected by § 14 is nearly impregnable." *Alabama Department of Environmental Management v. Town of Lowndesboro*, 2005 WL 791239 at * 6 (Ala. Civ. App. 2005).

It is evident from Alabama jurisprudence that this immunity is also extended to the State's educational institutions. *See Taylor v. Troy State Univ.*, 437 So. 2d 472, 474 (Ala. 1983); *see also Matthews v. Alabama A&M Univ.*, 787 So. 2d 691, 696-97 (Ala. 2000) (holding that

2

summary judgment was properly granted to the university against an employee's state-law tort claims because it was absolutely immune to suit based upon the doctrine of sovereign immunity). In *Shoals Community College v. Colagross*, 674 So. 2d 1311, 1314 (Ala. Civ. App. 1995), the Alabama Court of Civil Appeals, stated that "[i]t is undisputed that Shoals was a post-secondary educational institution operating under the authority and supervision of the State Board of Education. Therefore, it is clear that Shoals is entitled to absolute immunity from suit. Accordingly, the action against Shoals is barred by sovereign immunity."

Here, it is also undisputed that ASU is an institution of higher learning operating under the supervision of the State Department of Education. In fact, the Plaintiffs even assert in its statement of the parties that ASU is an instrumentality of the State of Alabama. Therefore, the University is an agency of the State. As an agency of the State, the University is entitled to absolute immunity from suit.

In *Ex Parte Troy University*, 2006 WL 3759341 at *3-4 (Ala. 2006), the Alabama Supreme Court detailed factors that should be used in determining whether an entity is an agency of the State and should be afforded sovereign immunity. The Court stated that whether an entity receives funds from the State and whether a judgment against the entity would result in loss to the State's treasury are significant factors in determining immunity. Further, the Court stated that the powers delegated to the entity from the State; the relationship between the entity and the State and the nature of the functions performed by the agency are also determinative. Using these factors, the Court held that Troy University was entitled to immunity "because the University is a State institution of higher learning and entitled to the absolute immunity of § 14."

Likewise, ASU is an institution of higher learning; and it is operating under the control and supervision of the State of Alabama. Any judgment obtained against ASU would be

satisfied from funds originating from the State's treasury. Therefore, ASU is entitled to sovereign immunity against the Plaintiff's claims, and summary judgment should be granted.

Likewise, ASU's Motion to Dismiss the Plaintiffs' claims should also be dismissed based upon this constitutional immunity. As such, the Plaintiff has failed to reach this Court's jurisdiction and can recover no compensatory or punitive damages against the University.

### A. SOVEREIGN IMMUNITY IS A JURISDICTIONAL BAR

"This constitutionally guaranteed principle of sovereign immunity, acting as a jurisdictional bar, precludes a court from exercising subject-matter jurisdiction. Without jurisdiction, a court has no power to act and must dismiss the action." *Ex parte Alabama Dept. of Mental Health and Retardation*, 837 So. 2d 808 at 810 (Ala. 2002) *(*quoting *Alabama State Docks Terminal Ry. v. Lyles,* 797 So. 2d 432, 435 (Ala. 2001)). As noted in Alabama case law, the presence of sovereign immunity acts as a jurisdictional bar. When a plaintiff sues a state agency cloaked in sovereign immunity, no subject matter jurisdiction exists. *Ex parte Alabama Dept. of Mental Health and Retardation*, 837 So. 2d 808 at 810.

Such is the case here. The Plaintiffs have sued ASU, a state agency with the benefit of sovereign immunity. Further, the Plaintiffs have not asserted any claims which would pierce ASU's immunity. Therefore, this Court has no subject matter jurisdiction, and the case should be dismissed accordingly.

### B. THE PLAINTIFFS CANNOT RECOVER ANY MONETARY DAMAGES AGAINST THE UNIVERSITY

#### 1. The Plaintiffs cannot recover any compensatory damages

Alabama courts do not allow claims that would "touch the state treasury by requiring the disbursement of state funds." *Moody v. University of Alabama*, 405 So. 2d 714, 717 (Ala. Civ. App. 1981). Further, the courts recognize actions against the State's officials and agencies as

claims that "would directly affect the financial status of the State Treasury." *Lyons v. River Road Construction, Inc.*, 858 So. 2d 257, 261 (Ala. 2003).

To the extent that the Plaintiffs seek compensatory damages, this Court should defer to the caselaw originating from Alabama's courts, and dismiss ASU from this action

**2.     The Plaintiffs cannot recover any punitive damages**

In addition to the Alabama Constitution's statement of immunity, the Alabama Code § 6-11-26 (1975) provides that "punitive damages may not be awarded against the State of Alabama ...or any agency thereof." To the extent that the Plaintiffs seek punitive damages against ASU, its request is forbidden by the doctrine of sovereign immunity and Ala. Code § 6-11-26. This Court should uphold the same and dismiss the claims asserted against ASU.

With the presence of sovereign immunity and related statutes, the Plaintiffs cannot state a viable claim against ASU for which relief can be granted. As such, all of the Plaintiffs' claims against ASU should be dismissed in their entirety.

**WHEREFORE, PREMISES CONSIDERED** ASU respectfully requests that this Court dismiss all claims asserted against it in this action.

Respectfully Submitted,

/s/ Ramadanah M. Salaam-Jones
**KENNETH L. THOMAS (THO043)**
**CHRISTOPHER K. WHITEHEAD (WHI105**
**RAMADANAH M. SALAAM-JONES (SAL026)**

**OF COUNSEL:**
**THOMAS, MEANS,GILLIS,& SEAY,  P.C.**
POST OFFICE DRAWER 5058
3121 ZELDA COURT
MONTGOMERY, ALABAMA 36103-5058
(334)270-1033
Fax: (334)260-9396

5

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing on the following counsel of record by placing same in the United States Mail, properly addressed and first class postage prepaid on this the 30th day of May, 2007:

AUGUSTA S. DOWD
KATHERINE R. BROWN
**WHITE, ARNOLD, ANDREWS & DOWD, P.C.**
2025 3rd Avenue North, Suite 600
Birmingham, Alabama 35203
(205) 323-1888
Fax: (205) 323-8907

BILL COLEMAN
**CAPEL & HOWARD, P.C.**
Post Office Box 2069
Montgomery, Alabama 36102-2069
(334) 241-8000
Fax: (334) 323-8888

                              /s/ Ramadanah M. Salaam-Jones
                              **OF COUNSEL**