IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| Marous Brothers Construction, L.L.C., | ) | |
| a corporation, and Gil Berry, an | ) | |
| individual and d/b/a | ) | |
| Gil Berry & Associates, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| Alabama State University, a public | ) | 2:07-CV-00384-ID-CSC |
| Corporation; W. Ken Upchurch III, an | ) | |
| individual; Percy Thomas, an individual; | ) | |
| TCU Consulting Services, L.L.C., a | ) | |
| Corporation; Joe A. Lee, individually | ) | |
| and in his official capacity as President | ) | |
| of Alabama State University; Elton N. | ) | |
| Dean, Sr., individually and in his official | ) | |
| Capacity as Chairman of the Board of | ) | |
| Trustees of Alabama State University. | ) | |

## ANSWER OF DEFENDANTS UPCHURCH, THOMAS and TCU

Defendants W. Ken Upchurch III, Percy Thomas, and TCU Consulting Services, L.L.C. (collectively "Defendants"), pursuant to Rule 12 of the Federal Rules of Civil Procedure, respond to the specific allegations of Plaintiffs Marous Brothers Construction, L.L.C., Gil Berry and Gil Berry & Associates' (collectively "Plaintiffs") Complaint, according to the numbered paragraphs therein, as follows:

### The Parties

1.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint.

2.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint.

3.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint.

4.    Defendants admit the truth of the allegations of paragraph 4 of the Complaint.

5.    Defendants admit the truth of the allegations of paragraph 5 of the Complaint.

6.    Defendants admit the truth of the allegations of paragraph 6 of the Complaint.

7.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint.

8.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint.

## Jurisdiction

9.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint.

10.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint.

## Substantive Averments

11.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint and therefore demand strict proof thereof.

12.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and therefore demand strict proof thereof.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint and therefore demand strict proof thereof.

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint and therefore demand strict proof thereof.

15.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint and therefore demand strict proof thereof.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint and therefore demand strict proof thereof.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint and therefore demand strict proof thereof.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint and therefore demand strict proof thereof.

19.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint and therefore demand strict proof thereof.

20.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint and therefore demand strict proof thereof.

21.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint and therefore demand strict proof thereof.

22.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint and therefore demand strict proof thereof.

23.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint and therefore demand strict proof thereof.

24.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint and therefore demand strict proof thereof.

25.    Defendants Upchurch and TCU are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint and therefore demand strict proof thereof.  Defendant Thomas admits he was introduced to Mr. Gil Berry by Mr. Elton Dean in July 2006 at the Holiday Inn, Prattville, Alabama. Defendant Thomas denies the truth of the remaining allegations of paragraph 25 of the Complaint and demands strict proof thereof

26.    Defendants admit that, on or about July 26, 2006, ASU engaged TCU as its owner's representative to assist ASU in reviewing and evaluating Plaintiffs' proposal.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 26 of the Complaint and therefore demand strict proof thereof.

27.    Defendants were aware that Kenneth Thomas would be forwarding revised comments to Plaintiffs, but Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 27 of the Complaint and therefore demand strict proof thereof.

28.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint and therefore demand strict proof thereof.

29.    Defendants admit TCU and representatives of Marous had discussions about Plaintiffs' fees and costs. Defendants admit Marous provided a Memorandum regarding its fees to TCU. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29 of the Complaint and therefore demand strict proof thereof.

30.    Defendants deny the truth of the allegations of paragraph 30 of the Complaint and demand strict proof thereof.

31.    Defendants deny the truth of the allegations of paragraph 31 of the Complaint and demand strict proof thereof.

32.    Defendants admit Plaintiffs were informed that ASU voted not to accept Plaintiffs' proposal. Defendants deny the truth of the remaining allegations of paragraph 32 of the Complaint and demand strict proof thereof.

33.     Defendants were told Plaintiffs would be writing a letter to defendant ASU, but Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33 of the Complaint and therefore demand strict proof thereof.

34.     Defendants were aware that Plaintiffs were contending some of the matters alleged in paragraph 34 of the Complaint, but Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 34 of the Complaint and therefore demand strict proof thereof.

35.     Defendants were aware that Plaintiffs had submitted invoices to ASU, but Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 35 of the Complaint and therefore demand strict proof thereof.

36.     Defendants deny the truth of the allegations of paragraph 36 of the Complaint and demand strict proof thereof.

37.     Defendants deny the truth of the allegations of paragraph 37 of the Complaint and demand strict proof thereof.

38.     Defendants deny the truth of the allegations of paragraph 38 of the Complaint and demand strict proof thereof.

39.     Defendants deny the truth of the allegations of paragraph 39 of the Complaint and demand strict proof thereof.

40.     Defendants deny Plaintiffs are entitled to recover any costs, fees, expenses or damages from these defendants.

## Count One:  Breach of Contract

41.     Defendants incorporate by reference their answers to paragraphs 1-40 as if set out here in full.

42.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Complaint and therefore demand strict proof thereof.

43.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Complaint and therefore demand strict proof thereof.

44.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Complaint and therefore demand strict proof thereof.

45.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Complaint and therefore demand strict proof thereof.

46.     Defendants deny that Plaintiffs' work product is being used in the actual design and construction work on the project and demand strict proof thereof.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 46 of the Complaint and therefore demand strict proof thereof.

Defendants deny that Plaintiffs are entitled to the relief requested in Count One of the Complaint.

## Count Two:  Quantum Merit

47.     Defendants incorporate by reference their answers to paragraphs 1-46 as if set out here in full.

48.     Defendants deny the truth of the allegations of paragraph 48 of the Complaint and demand strict proof thereof.

49.     Defendants deny the truth of the allegations of paragraph 49 of the Complaint and demand strict proof thereof.

50.     Defendants deny the truth of the allegations of paragraph 50 of the Complaint and demand strict proof thereof.

51.     Defendants deny the truth of the allegations of paragraph 50 of the Complaint and demand strict proof thereof.

52.     Defendants deny the truth of the allegations of paragraph 52 of the Complaint and demand strict proof thereof.

53.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 of the Complaint and therefore demand strict proof thereof.

Defendants deny that Plaintiffs are entitled to the relief requested in Count Two of the Complaint.

## Count Three: Fraudulent Misrepresentation

54.     Defendants incorporate by reference their answers to paragraphs 1-53 as if set out here in full.

55.     Defendants deny the truth of the allegations of paragraph 55 of the Complaint and demand strict proof thereof.

56.     Defendants deny the truth of the allegations of paragraph 56 of the Complaint and demand strict proof thereof.

57.     Defendants deny the truth of the allegations of paragraph 57 of the Complaint and demand strict proof thereof.

58.     Defendants deny the truth of the allegations of paragraph 58 of the Complaint and demand strict proof thereof.

59.     Defendants deny the truth of the allegations of paragraph 59 of the Complaint and demand strict proof thereof.

60.     Defendants deny the truth of the allegations of paragraph 60 of the Complaint and demand strict proof thereof.

61.     Defendants deny the truth of the allegations of paragraph 61 of the Complaint and demand strict proof thereof.

Defendants deny that Plaintiffs are entitled to the relief requested in Count Three of the Complaint.

### Count Four: Fraud

62.     Defendants incorporate by reference their answers to paragraphs 1-61 as if set out here in full.

63.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 of the Complaint and therefore demand strict proof thereof.

64.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 of the Complaint and therefore demand strict proof thereof.

65.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 of the Complaint and therefore demand strict proof thereof.

66.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 of the Complaint and therefore demand strict proof thereof.

67.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 of the Complaint and therefore demand strict proof thereof.

68.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 of the Complaint and therefore demand strict proof thereof.

Defendants deny that Plaintiffs are entitled to the relief requested in Count Four of the Complaint.

**Count Five:  Tortious Interference with Business Relations**

69.    Defendants incorporate by reference their answers to paragraphs 1-68 as if set out here in full.

70.    Defendants deny the truth of the allegations of paragraph 70 of the Complaint and demand strict proof thereof.

71.    Defendants deny the truth of the allegations of paragraph 71 of the Complaint and demand strict proof thereof.

72.    Defendants deny the truth of the allegations of paragraph 72 of the Complaint and demand strict proof thereof.

73.    Defendants deny the truth of the allegations of paragraph 73 of the Complaint and demand strict proof thereof.

Defendants deny that Plaintiffs are entitled to the relief requested in Count Five of the Complaint.

## Count Six: Conversion

74.    Defendants incorporate by reference their answers to paragraphs 1-73 as if set out here in full.

75.    Defendants deny the truth of the allegations of paragraph 75 of the Complaint and demand strict proof thereof.

76.    Defendants deny the truth of the allegations of paragraph 76 of the Complaint and demand strict proof thereof.

77.    Defendants deny the truth of the allegations of paragraph 77 of the Complaint and demand strict proof thereof.

78.    Defendants deny the truth of the allegations of paragraph 78 of the Complaint and demand strict proof thereof.

79.    Defendants deny the truth of the allegations of paragraph 79 of the Complaint and demand strict proof thereof.

Defendants deny that Plaintiffs are entitled to the relief requested in Count Six of the Complaint.

## Count Seven: Conspiracy

80.    Defendants incorporate by reference their answers to paragraphs 1-79 as if set out here in full.

81.     Defendants deny the truth of the allegations of paragraph 81 of the Complaint and demand strict proof thereof.

82.     Defendants deny the truth of the allegations of paragraph 82 of the Complaint and demand strict proof thereof.

83.     Defendants deny the truth of the allegations of paragraph 83 of the Complaint and demand strict proof thereof.

Defendants deny that Plaintiffs are entitled to the relief requested in Count Seven of the Complaint.

**Count Eight: Loss of Business Opportunity**

84.     Defendants incorporate by reference their answers to paragraphs 1-83 as if set out here in full.

85.     Defendants deny the truth of the allegations of paragraph 85 of the Complaint and demand strict proof thereof.

86.     Defendants deny the truth of the allegations of paragraph 86 of the Complaint and demand strict proof thereof.

Defendants deny that Plaintiffs are entitled to the relief requested in Count Eight of the Complaint.

**Count Nine: Injunctive and Other Relief**

87.     Defendants incorporate by reference their answers to paragraphs 1-86 as if set out here in full.

88.     Defendants deny the truth of the allegations of paragraph 88 of the Complaint and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

Defendants state the following defenses without assuming the burden of proof of such defenses that would otherwise rest on Plaintiffs:

### 1.

Plaintiffs' Complaint, and each claim for relief therein, fails to state a claim upon which relief can be granted.

### 2.

Plaintiffs fail to plead fraud with the particularity required by *Fed.R.Civ.P.* 9(b).

### 3.

Plaintiffs' Complaint, and each claim for relief alleged therein, fails to state a claim upon which relief can be granted for punitive damages.

### 4.

Plaintiffs are not entitled under the law to recovery of their attorneys' fees.

### 5.

Defendants are not "strangers" to the agreement or business relationship between Plaintiffs and defendant ASU at issue in this case.

### 6.

Defendants were justified in taking any of the actions they are alleged to have taken with respect to the agreement or relationship between Plaintiffs and defendant ASU.

### 7.

Defendants actions as owner's representative in reviewing and evaluating Plaintiffs' submittals are privileged under the law.

**8.**

Plaintiffs have unclean hands.

**9.**

One or more of the Plaintiffs was not properly licensed by the State of Alabama for the services allegedly rendered, as a result of which any alleged contract - implied, quasi or equitable - is thereby void and unenforceable under the law.

**10.**

Defendants plead the statute of frauds.

**11.**

Defendants plead the doctrine of illegality.

**12.**

Any award of punitive damages would violate the constitutional safeguards provided under the Constitution of the United States and of the various states, including the Constitution of the State of Alabama.

**13.**

Any award of punitive damages to Plaintiffs would violate the constitutional safeguards provided under the Constitution of the United States and the Constitution of the State of Alabama in that the determination of such damages under the applicable state law is vague, is not based on any objective standards, and is not rationally related to legitimate government interests.

**14.**

Plaintiffs' claims for punitive damages violate the separation of powers requirement of the constitutions of the various states, by allowing courts and juries, rather than a legislature,

to determine what conduct constitutes punishable conduct and the amount of punishment therefore.

**15.**

Plaintiffs' claims for punitive damages violate the Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments of the Constitution of the United States and Article I, §§ 1, 2, 6, 11, 13, 15, 22 and 35 of the Constitution of Alabama, and is improper under the statutes, common law, public policies and applicable rules of the State of Alabama, on the following grounds:

(a)    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon Plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)    The procedures pursuant to which punitive damages are awarded and the guidelines given to jurors are vague and ambiguous and fail to provide specific standards on the determination of whether to award punitive damages or specific standards as to a constitutionally reasonable limit on the amount of any award against defendants, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c)    The procedures pursuant to which punitive damages are awarded are vague and ambiguous and fail to provide specific standards for the amount of the award of punitive damages which allows jurors broad, unlimited and undefined power to make

determinations based on passion, personal beliefs and/or uninformed ideas of what the law permits, rather than what the law requires;

(d)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(e)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes on the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes on defendants' Due Process and Equal Protection rights under the Fourteenth Amendment of the United States Constitution;

(g)     Any award of punitive damages to Plaintiffs would violate the Self-Incrimination Clause of the Fifth Amendment of the United States Constitution, because punitive damages are penal in nature, yet a defendant may be compelled to disclose potentially incriminating documents and evidence;

(h)     Plaintiffs' attempt to impose punitive or extra contractual damages on defendants on the basis of the conduct of others violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution;

(i)      Any award of punitive damages to Plaintiffs would violate the procedural safeguards provided to Defendants under the Sixth Amendment of the United States Constitution in that punitive damages are penal in nature, and consequently, a defendant in a case in which punitive damages are sought should be entitled to the same procedural safeguards accorded to a defendant in a criminal proceeding.  Since Alabama law and procedures which allow the imposition of punitive damages do not afford civil defendants the same protections afforded criminal defendants, awards of punitive damages result in an arbitrary deprivation of property in violation of the Constitution.

(j)      Plaintiffs' Complaint, to the extent that it seeks exemplary or punitive damages, violates Defendants' rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution;

(k)      Plaintiffs' Complaint, to the extent that it seeks exemplary or punitive damages, violates Defendants' right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and as provided in the Constitution of the various states;

(l)      Plaintiffs' claims for punitive damages violate equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution.  Punitive damage awards discriminate against defendants in that the protections of criminal trials and the limiting of the amount of punitive damages awardable may be granted to some classes of defendants under certain states' law, but may be denied to these Defendants and others similarly situated.

17

(m)    Any award of punitive damages would violate Defendants' right to trial by jury in violation of the Seventh Amendment to the Constitution of the United States.

(n)    The procedures followed in awarding punitive damages under Alabama law could permit multiple awards of punitive damages for the same act or omission.

(o)    Present Alabama law does not provide a meaningful opportunity for challenging the basis for an award of punitive damages and/or the excessiveness of any such award because current law does not provide for meaningful review of such awards by the trial court or appellate court.

(p)    Present Alabama law and/or practice may impermissibly permit the admission of evidence relative to punitive damages in the same proceeding during which liability is determined and/or evidence having little bearing on the amount of punitive damages to be awarded.

**16.**

Plaintiffs' claims for punitive damages violate due process as guaranteed by the Fifth and Fourteenth Amendment to the United States Constitution, and by the due process clause of Article I, §§ 6 and 13 of the Alabama Constitution, in that:

(a)    There is no requirement that punitive damages be reasonably proportionate to any element of compensatory damages and/or to any legitimate interest to be advanced by the State of Alabama;

(b)    There is no requirement that punitive damages be reasonably proportionate to the act or omission sought to be punished;

18

(c)     Review of punitive damage awards for excessiveness without objective proportionality requirements and other objective requirements is wholly personal and subjective;

(d)     Punitive damages instructions insufficiently inform the jury as to the nature and purpose of punitive damages and the instructions are not saved by a post trial review at the trial and/or appellate levels;

(e)     The preponderance of the evidence standard of proof, where applicable, is not high enough to satisfy due process where a defendant faces a punitive damage award;

(f)     The criteria for an award of punitive damages and/or damages for mental anguish/emotional distress are impermissibly vague and uncertain;

(g)     The criteria for review of an award of punitive damages and/or damages for mental anguish/emotional distress on appeal are impermissibly vague and uncertain;

(h)     There are no meaningful standards provided by Alabama law for the imposition of punitive damages and therefore defendant has not been provided fair notice in advance of conduct that could result in punitive damages and/or the potential size of any award as a result of the alleged conduct; and

(i)     The jury is instructed that punitive damages are permitted to set an example to deter others and/or otherwise relate to the conduct of others or the conduct of a defendant outside the scope of this litigation, subjecting a defendant to potential for multiple penalties for the same conduct, and/or to penalties for the conduct of others.

**17.**

Plaintiffs' claims for punitive damages are in contravention of Defendants' rights under each of the following constitutional provisions:

(a)    Article I, § 8 of the United States Constitution, as an impermissible burden on interstate commerce, as an unlawful state regulation of interstate commerce and/or to the extent such an award punishes acts or omissions alleged to have occurred outside of this state;

(b)    The Contracts Clause of Article I, § 10 of the United States Constitution;

(c)    The Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution;

(d)    The Equal Protection Clause under the laws afforded by the Fourteenth Amendment to the United States Constitution;

(e)    The constitutional prohibition against vague and overbroad laws;

(f)    The prohibition against *ex post facto* law in Article 1, § 22 of the Alabama Constitution;

(g)    The Contracts Clause of Article I, § 22 of the Constitution of Alabama; and

(h)    The Due Process Clause of Article I, § 6 and/or 13 of the Constitution of Alabama.

**18.**

With respect to Plaintiffs' demand for punitive damages, Defendants specifically incorporate by reference any and all standards or limitations regarding the determination, review and/or enforceability of punitive damage awards which arose in *BMW of No. America v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996); *Cooper Industries, Inc., v. Leatherman Tool Group, Inc.,* 532 U.S. 424, 121 S.Ct. 1678, 149 L.Ed.2d 674 (2001); and in *State Farm Mut. Auto. Ins. Co., v. Campbell*, 123 S.Ct. 1513 (2003).

**19.**

Plaintiffs' claims for the recovery of punitive damages are barred by *Ala. Code* § 6-11-20 (1993) et seq.

**20.**

Plaintiffs' claims for the recovery of punitive damages are barred by *Ala.Code* § 6-11-27 (1993).

**21.**

An award of punitive damages in this case, if any, may not exceed the $250,000.00 cap set forth in *Ala.Code* § 6-11-21 (Supp. 1987); *see Goodyear Tire & Rubber Co., v. Vinson,* 749 So. 2d 393 (Ala. 1999) ("All parties litigating in the courts of this State should now be on notice that this Court is willing to reconsider the Henderson [infra,] ruling that the punitive damages cap of *Ala.Code* § 6-11-21 (1975) is unconstitutional; *see Oliver v. Towns*, 770 So. 2d 1059 (Ala. 2000) ("[W]e question whether *Henderson [v. Ala. Power Co.]*, 627 So. 2d 878 (Ala. 1993), remains good law.") (*citing BMW of No. America, Inc. v. Gore*, 517 U.S. 559 (1996); *Henderson*, 627 So. 2d at 894 (Maddox, J., concurring in part; dissenting in part); *Henderson*, 627 So. 2d at 903 (Houston, J., dissenting); and *Pacific Mut. Life lns. Co. v. Haslip*, 499 U.S. 1, 20, n.9 (1991)). In declaring § 6-11-21 unconstitutional in *Henderson*, the Alabama Supreme Court acted beyond the scope of its powers and violated the separation of powers clauses of the United States Constitution and the Alabama Constitution. Accordingly, the Court's action in *Henderson* was without effect and *Ala.Code* § 6-11-21 applies in this case.

**22.**

While these Defendants deny that they are liable for any conduct that would support an award of punitive damages in this case, Defendants plead the applicable legislative cap and all pertinent provisions contained in *Ala.Code* § 6-11-21 (Supp. 1999).

**23.**

The imposition of punitive damages against any of the Defendants in this case would violate the Defendants' due process rights as guaranteed by the United States Constitution, because the award of punitive damages is excessive in light of the following criteria: (1) the degree of reprehensibility of the defendants' alleged wrongful conduct; (2) the disparity between the harm or potential harm and the punitive damage award; and (3) the difference between the punitive damage award and the civil penalties authorized or imposed in other cases.

**24.**

The punitive damages sought are in excess of comparable maximums established for criminal fines by the Alabama legislature in *Ala.Code* §§13A-4-11 and 13(a)-5-12 (1975), jointly and severally.

**25.**

Plaintiffs' claim for punitive damages cannot be sustained because any award of punitive damages under Alabama law, without bifurcating the trial and trying all punitive damages issues only if, and after liability on the merits has been found, would violate the Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and due process provisions of the Alabama Constitution, and would be improper

under the common law and public policies of the State of Alabama and under applicable court rules and statutes.

**26.**

Imposition of punitive damages against these Defendants would have a chilling effect upon a defendant's right to open access to the courts of this state, in violation of the United States Constitution and the Alabama Constitution, separately and severally.

**27.**

Plaintiffs' claims for punitive damages violate the rights of Defendants to due process and equal protection of the laws as guaranteed by the Constitution of the United States and the Alabama Constitution, in that the procedures for post-trial review of such damages set forth in *Hammond v. City of Gadsden* and *Green Oil Company v. Hornsby* are unconstitutionally vague and inadequate in their failure to provide a clearly defined standard for courts to apply in the review of such damages; fail to provide an adequate review as to the issue of the need to deter, whether deterrence has been accomplished and whether punishment is appropriate; such procedures provide inadequate review and a vague standard regarding the relationship of such damages to the harm done; neither procedure addresses or cures the lack of guidelines provided juries in the assessment of such damages; that under *Hammond* and *Green Oil*, courts may take certain factors into consideration which lack predictable and objective standards of review and result in an inconsistent application of the factors and unpredictable and inconsistent results; and *Hammond* and *Green Oil* fail to provide definite and meaningful constraints on jury discretion in awarding such damages.

**28.**

The procedures pursuant to which punitive damages are awarded subject civil defendants

to punishment for the conduct of others through vicarious liability or through non-apportionment of damages among joint tortfeasors, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article 1 §§ 1 and 6 of the Alabama Constitution.

### 29.

Plaintiffs are not entitled to recover punitive damages because Plaintiffs cannot prove that Defendants' conduct involved such malice, wantonness, oppression, fraud, willfulness, recklessness, or wickedness as amounts to criminality, which for the good of society and warning to the individual ought to be punished.

### 30.

To permit the imposition of punitive damages against these Defendants on a joint and several liability basis is unconstitutional in that the damages are punitive in nature, yet there is no provision under the law of Alabama for the assessment of punitive damages separately and severally against joint tortfeasors even though the damages are predicated upon the alleged enormity of the wrong committed by the tortfeasor, and would violate Defendants' rights to due process and equal protection of the laws under the Fifth and Fourteenth Amendments to the Constitution of the United States, and Article I, Sections 1, 6, 13 and 22 of the Constitution of Alabama.

### 31.

To permit the imposition of punitive damages against these Defendants on a joint and several liability basis would violate Defendants' rights under the Eighth Amendment to the Constitution of the United States and Article I, Section 15 of the Constitution of Alabama in that the award imposes an excessive fine against joint tortfeasors without any consideration being allowed to be given by the jury to the degree of culpability each defendant had, if any.

**32.**

The imposition of punitive damages in this case violates the double jeopardy clause of the Fifth Amendment of the Constitution of the United States as incorporated into the Fourteenth Amendment of the Constitution of the United States.

**33.**

Plaintiffs' claims for punitive damages should not be submitted to the jury because, under the United States Supreme Court's holding in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 533 U.S. 424, 121 S. Ct. 1678, 149 L.Ed. 2d 674 (2001), and the Alabama Supreme Court's holding in *Horton Homes, Inc. v. Brooks*, 832 So. 2d 44 (Ala. 2001), the issue of punitive damages is not a question of fact to be decided by a jury.  *See also*, *Gasperini v. Center for Humanties, Inc.*, 518 U.S. 415, 459, 116 S.Ct. 2211, 135 L. Ed. 2d 659 (1996).

**34.**

Allowing Alabama juries to jointly and severally award punitive damages against multiple defendants who have different causes of action against them violates the due process clause of the United States and Alabama Constitutions.  *CP & B Enterprises, Inc. v. Mellert*, 762 So. 2d 356 (Ala. 2000).

**35.**

Unless specifically admitted above, Defendants deny each and every material allegation of Plaintiffs' Complaint and demand strict proof thereof.

**36.**

Defendants reserve the right to assert other defenses as discovery proceeds.

**/s/R. Brooke Lawson III**
**J. LISTER HUBBARD  (HUB007)**
**R. BROOKE LAWSON III  (LAW026)**

Attorneys for Defendants W. Ken Upchurch III, Percy Thomas and TCU Consulting Services, LLC

OF COUNSEL:
**CAPELL & HOWARD, P.C.**
Post Office Box 2069
150 South Perry Street
Montgomery, Alabama  36102-2069
334/241-8000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the following was served on the following by electronic filing, on this the 30th day of May, 2007:

Augusta S. Dowd, Esq.
Katherine R. Brown, Esq.
White Arnold Andrews & Dowd, P.C.
2025 Third Avenue North, Suite 600
Birmingham, Alabama 35203

I further certify that a copy of the foregoing was served on the following by first-class United States Mail, postage prepaid and properly addressed, on this the 30th day of May, 2007 :

Alabama State University
915 South Jackson Street
Montgomery, Alabama 36101

Joe A. Lee
c/o Alabama State University
915 South Jackson Street
Montgomery, Alabama 36101

Elton N. Dean, Sr.
c/o Montgomery County Commission
100 South Lawrence Street
Montgomery, Alabama 36104

**/s/R. Brooke Lawson III**
Of Counsel