## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **Marous Brothers Construction, LLC,** | ) | |
| **a corporation, and Gil Berry, an** | ) | |
| **individual d/b/a** | ) | |
| **Gil Berry & Associates,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 2:07-CV-00384-ID-CSC |
| | ) | |
| **Alabama State University, a public** | ) | |
| **corporation; W. Ken Upchurch, III, an** | ) | |
| **individual; Percy Thomas, an individual;** | ) | |
| **TCU Consulting Services, LLC, a** | ) | |
| **corporation; Joe A. Lee, individually and** | ) | |
| **in his official capacity as President of** | ) | |
| **Alabama State University; Elton N. Dean,** | ) | |
| **Sr., individually and in his official** | ) | |
| **Capacity as Chairman of the Board of** | ) | |
| **Trustees of Alabama State University,** | ) | |
| | ) | |
| Defendants. | ) | |

## RESPONSE TO ORDER TO SHOW CAUSE

COME NOW Plaintiffs Marous Brothers Construction and Gil Berry, d/b/a Gil

Berry & Associates (hereinafter collectively "Plaintiffs"), and in response to this Court's

May 31, 2007 Order to Show Cause (hereinafter the "May 31st Order") respectfully

represent and show unto this Court as follows:

### STANDARD OF REVIEW

A motion to dismiss is properly granted "only when it appears beyond doubt that

the plaintiff can prove no set of facts in support of the claim that would entitle the

plaintiff to relief." Lyons v. River Rd. Constr., 858 So. 2d 257, 260 (Ala. 2003) (quoting

Nance v. Matthews, 622 So. 2d 297, 299 (Ala. 1993)).   It is not necessary that a court "consider whether the plaintiff will ultimately prevail, but only whether the plaintiff may **possibly** prevail." Id. (emphasis added).

## ARGUMENT

Defendant Alabama State University (hereinafter "ASU") is generally correct in its assertions that principles of state sovereign immunity are extended to ASU.  (Dkt. 7 at 2).  ASU's Motion to Dismiss is based on two principal assertions: (1) that ASU is an instrumentality of the State of Alabama and thus protected by the doctrine of sovereign immunity; and (2) that the doctrine of sovereign immunity based on Article 1 § 14 of the Constitution of Alabama (hereinafter "§ 14") is "nearly impregnable."   Id. (citing Alabama Dep't of Envtl. Mgmt. v. Town of Lowndesboro, 950 So. 2d 1180, 1188 (Ala. Civ. App. 2005)).  Plaintiffs do not take issue with either assertion,[1]  and respond to demonstrate that their claims against ASU in this case are just the type which render ASU's protection "nearly" rather than completely impregnable.[2]

There are several types of actions that are not "against the State" for purposes of § 14 immunity.  Patterson v. Gladwin Corp., 835 So. 2d 137, 142 (Ala. 2002). Examples of these include:

1) actions brought to compel State officials to perform their legal duties; (2) actions brought to enjoin State officials from enforcing an unconstitutional

---

[1] Plaintiffs do not concede that their claims against ASU officials, trustees, etc. are barred by the principals of sovereign immunity.  In fact, officers, trustees and employees of state universities are not protected from all causes of action, including allegations that the individuals were guilty of fraud and bad faith and acted beyond their authority. Rigby v. Auburn Univ., 448 So. 2d 345, 347 (Ala. 1984).

[2] A distinction not lost upon Odysseus as he looked upon the walls of Troy.

> law; (3) actions to compel State officials to perform ministerial acts; and (4)
> actions brought under the Declaratory Judgment Act seeking construction
> of a statute and its application in a given situation.

Taylor v. Troy State University, 437 So. 2d 472, 474 (Ala. 1983) (internal citations omitted).

Plaintiffs' claims against ASU in this case seeking payment of the amount due and owing on a contract fall within two of these exceptions, as the claims are both actions brought to compel state officials to perform their legal duties and actions to compel state officials to perform ministerial acts.   As such, Plaintiffs' claims that ASU pay a sum certain for contracted-for and received benefits are not barred by § 14, and ASU's motion to dismiss those claims should be denied.

**1.  ASU HAS A LEGAL DUTY TO PAY THE SUM CERTAIN THAT IS DUE AND OWING TO PLAINTIFFS UNDER THE CONTRACT.**

Alabama courts have long recognized that if the State of Alabama or one of its subdivisions has received goods or services and has refused to pay for them, then it may be sued.   The progenitor of the modern § 14 immunity exceptions is State Board of Administration v. Roquemore, 117 So. 757 (Ala. 1928).  The plaintiff in Roquemore was in the hay business, and he delivered hay to feed the mules used by the state highway department.  Id. at 728.  After he had delivered a portion of the hay that had been ordered, the state refused to accept any more deliveries and refused to pay for the hay already received.  Id.  The Roquemore Court held that state agencies and officials did not have the discretion to withhold payment for goods already received, and that their duty to pay would be determined by ordinary principles of contract law and could not be avoided.  Id.

at 759-760. The court found that this duty to pay was "a mandatory duty for the enforcement of which mandamus is the appropriate remedy." Id. at 760.

In State of Alabama Highway Department v. Milton Construction Co., Inc., 586 So. 2d 872 (Ala. 1991), the Alabama Supreme Court held that the state highway department was not immune from suit on a claim that it wrongfully withheld payments to a private contractor. The court not only had jurisdiction over the case, but had the authority to require the state to make good on its obligations under the contract. Rejecting the very same argument made by ASU in the instant case, the Milton Court wrote:

> The Highway Department next argues that, because of the doctrine of sovereign immunity, it can not be made to pay the $534,000 that it withheld from Milton under the void disincentive provision of the contract. The Highway Department argues that any action that seeks to compel the state, or a state agency (e.g., the Highway Department), to perform any contract or to pay any debt is barred under Ala. Const., art. I, § 14. We disagree.

Milton, 585 So. 2d at 875 (Ala. 1991).

The Milton Court recognized that "§ 14 of the Constitution prevents a suit against the state as well as suits against its agencies," but further stated that "this Court has also recognized that there are certain established exceptions to the protection afforded the state or its agencies by sovereign immunity." Id. (internal citations omitted). Among the exceptions recognized by the Milton Court "are actions brought to force state employees or agencies to perform their legal duties." Id. (internal citations omitted).

The Milton Court went on to describe facts quite similar to the instant claims against ASU:

- 4 -

Once the Highway Department has legally contracted under state law for goods or services and accepts such goods or services, the Highway Department also becomes legally obligated to pay for the goods or services accepted in accordance with the terms of the contract. It follows that this obligation is not subject to the doctrine of sovereign immunity and is enforceable in the courts. See, e.g., Gunter v. Beasley, 414 So. 2d 41 (Ala. 1982); State Board of Administration v. Roquemore, 218 Ala. 120, 117 So. 757 (1928).

It is undisputed that Milton Construction has already rendered the services called for under the contract. Consequently, we hold that this lawsuit is not barred by the doctrine of sovereign immunity, because it is in the nature of an action to compel state officers to perform their legal duties and pay Milton Construction for services contracted for and rendered. Gunter, supra; Roquemore, supra.

For example, in Roquemore the Highway Department contracted with Roquemore to purchase hay . . . . This Court held that the suit in Roquemore was one to force a state agency to perform its legal duty, i.e., to force the Highway Department to pay for the hay that it had already accepted. Likewise, in this case, Milton Construction's action against the Highway Department is not barred by the doctrine of sovereign immunity.

Milton, 585 So. 2d at 875.

This exception to the otherwise comprehensive scope of § 14 immunity is based upon the simple premise that no public interest is served by permitting state agencies to avoid their obligations to pay for goods or services which they have already received. In Williams v. Hanks Ambulance Service, 699 So. 2d 1230 (Ala. 1997), the court found that state agencies can be held to the most fundamental rule of contractual fair play: paying for what they have received. The Williams Court explained that the Alabama Supreme Court "has tried to take a case-by-case commonsense approach to interpreting § 14 and applying the State's sovereign immunity." Id. at 1237. "The common thread running through the cases" in the court's analysis was "the unfairness that would have occurred

- 5 -

from allowing the State to arbitrarily avoid its financial obligations." Id. The court found that "[t]here was, and is, no legitimate reason to allow State department heads to avoid their clear contractual or ministerial obligations (once those obligations are determined), even if the performance of those obligations ultimately touches the State treasury," and went on to conclude that "[s]uch avoidance of legal and moral responsibility by the State was not the intent of the framers of the Constitution." Id.

In addition to its clear description of the public policy behind this exception to § 14 immunity, Williams is instructive for another reason. Although the court ultimately affirmed summary judgment in favor of the director of the state Medicaid agency, largely because of the unfathomable complexities of Medicaid reimbursement schemes, the Williams Court held that suits claiming payment for sums owed must be viewed in a "case-by-case commonsense approach." Id. Such an approach obviously requires a sufficient development of the underlying facts for the court to make a meaningful analysis, and thus precludes dismissal under Fed. R. Civ. P. 12(b).

The United States Court of Appeals for the Eleventh Circuit stated it was "cognizant that, under Alabama law, actions brought to compel state officials to perform their legal duties are not barred by constitutional sovereign immunity." Wu v. Thomas, 847 F.2d 1480, 1486 (11th Cir. 1988) (citing Stark v. Troy State Univ., 514 So. 2d 46, 50 (Ala. 1987)). In the instant case, Plaintiffs and ASU entered into an agreement whereby ASU would pay Plaintiffs for development work to design, build, renovate, and procure financing for the Student Residence Project. Plaintiffs performed this development work, provided their work product to ASU, and submitted invoices to ASU totaling

$651,362.68 (Six Hundred and Fifty-One Thousand, Three Hundred and Sixty-Two Dollars and Sixty-Eight cents). ASU accepted Plaintiffs' work product and has since used that work product to its benefit in securing the bond financing for the Student Residence Project and in the actual design and construction work on the project.  Although ASU has a legal duty to compensate Plaintiffs for completing the agreed-upon work from which ASU has benefited, to date ASU has not done so.

Because ASU clearly has a legal duty to pay Plaintiffs the sum certain set out above, this Court can and should compel ASU to compensate Plaintiffs.  Plaintiffs agree that their claims against ASU as an entity are limited to the obligation of that institution to pay for the services already rendered, along with interest and such other payments which are permitted by Alabama law.  While § 14 may limit some types of recovery available against ASU for which the other defendants can be held liable, no such distinction is raised in ASU's  motion, and it is not appropriate for consideration at this stage of the litigation.  The claims against the other defendants in this action, who are not protected by § 14 immunity, are not so limited and more extensive relief is available from them.[3]

The Plaintiffs' action to compel ASU to compensate them for the work that they have done under the contract falls within an exception to ASU's immunity, and is not

---

[3] Although other defendants in this case generally enjoy certain § 14 protections in their official capacities, they too are subject to the same exceptions described in this response as well as those exceptions described in Footnote 1 supra. Furthermore, these defendants are sued both in their official and individual capacities, which expands the register of potential causes of action and remedies against them.

barred by § 14 of the Alabama Constitution.  As such, ASU's Motion to Dismiss is due to be denied.

**2. THIS COURT CAN AND SHOULD COMPEL ASU OFFICIALS TO PERFORM THE MINISTERIAL DUTY OF CAUSING PAYMENT TO ISSUE TO PLAINTIFFS FOR THEIR WORK DONE UNDER THE CONTRACT.**

As set out more fully above and in their complaint, Plaintiffs performed under a contract with ASU and submitted invoices for their work.  ASU accepted and benefited from this work, but to date ASU has refused to compensate Plaintiffs commensurately. Thus, ASU owes Plaintiffs a sum certain for the work that they have performed under the contract.  This is work that ASU accepted and work from which ASU has benefited. ASU clearly has been unjustly enriched at the Plaintiffs' expense.

An action seeking to compel ASU officials to undertake the ministerial task of ensuring payment of this sum certain also falls within an exception to ASU's immunity from suit.  As Plaintiffs are seeking to so compel ASU and its officials, their action is not barred by § 14 of the Alabama Constitution.  As such, ASU's Motion to Dismiss is due to be denied.  To the extent that it is not clear from Plaintiffs' complaint that they are seeking to compel the performance of this ministerial act, Plaintiffs will seek leave to amend their complaint to more plainly reflect this intention as well as add additional claims against certain defendants.

## CONCLUSION

The charges against ASU in this lawsuit are not barred by § 14 immunity.  They are within the long-established exception to that immunity which permits suit against state agencies that refuse to pay for goods and services that they have received.  Alabama

law requires that suits of this type be judged using a "case-by-case commonsense approach;" such an approach depends upon the underlying facts, and thus by their very nature these cases require discovery and cannot be resolved under Fed. R. Civ. P. 12(b). ASU's Motion to Dismiss is due to be denied.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs submit this their response to the Court's May 31st Order and request that this Court deny ASU's Motion to Dismiss.

Respectfully submitted this the 14th day of June, 2007.

/s/ Augusta S. Dowd
AUGUSTA S. DOWD (ASB-5274-d58a)
KATHERINE R. BROWN (ASB-4963-n77r)
Attorney for Plaintiffs

OF COUNSEL:
**WHITE ARNOLD ANDREWS & DOWD P.C.**
2025 Third Avenue North, Suite 600
Birmingham, Alabama  35203
Telephone: (205) 323-1888
Facsimile: (205) 323-8907

/s/ Stanley J. Murphy
STANLEY J. MURPHY (ASB-6904-H59S)
Attorney for Plaintiffs

OF COUNSEL:
**MURPHY & MURPHY LLC**
PO Box 3163
Tuscaloosa , AL 35403-3163
Telephone: (205) 349-1444
Facsimile: (205) 349-1445

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served on the following counsel of record via the CM/ECF filing system on this the 14th day of June, 2007.

J. Lister Hubbard
R. Brooke Lawson, III
Capell & Howard, P.C.
Post Office Box 2069
150 South Perry Street
Montgomery, Alabama 36102-2069
jlh@chlaw.com
rbl@chlaw.com

Kenneth L. Thomas
Christopher K. Whitehead
Ramadanah M. Salaam-Jones
Thomas, Means, Gillis, & Seay, P.C.
Post Drawer 5058
3121 Zelda Court
Montgomery, Alabama 36103-5058
klthomas@tmgslaw.com
ckwhitehead@tmgslaw.com
rsjones@tmgslaw.com

<u>s/ Augusta S. Dowd</u>
OF COUNSEL