IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MAROUS BROTHERS CONSTRUCTION, ) <br> LLC, a corporation, *et al.*, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ALABAMA STATE UNIVERSITY, *et al.*, ) <br> ) <br>     Defendants. ) | Case No. 2:07cv384-ID |

**MEMORANDUM OPINION AND ORDER**

Before the court is a motion to dismiss filed by Defendant Alabama State University. (Doc. No. 7.) Plaintiff Gil Berry, doing business as Gil Berry & Associates, and Plaintiff Marous Brothers Construction, LLC, filed a response in opposition. (Doc. No. 16.) After careful consideration of the arguments of counsel, the relevant law, and the allegations in the complaint, the court finds that the motion is due to be denied.

**I. JURISDICTION AND VENUE**

Jurisdiction over this action is proper pursuant to 28 U.S.C. § 1332(a) (diversity). The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations in support of both personal jurisdiction and venue.

## II. STANDARD OF REVIEW

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. See United States v. Gaubert, 499 U.S. 315, 327 (1991); Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). Moreover, all factual allegations are to be construed in the light most favorable to the plaintiff. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989). To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint need not contain "detailed factual allegations," but must include enough facts "to raise a right to relief above the speculative level . . . on the assumption that all allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, ___ U.S. ___, ___, 127 S.Ct. 1955, 1964-65 (2007).

## III. RELEVANT FACTS

The relevant facts in the complaint are as follows. Defendant Alabama State University ("ASU") is an "instrumentality of the State of Alabama." (Compl. ¶ 3.) In 2005, ASU decided to renovate six student housing buildings on its campus. (Id. ¶ 11.) The renovation project was known as the "Student Residence Project at ASU." (Id.) On November 15, 2005, pursuant to a resolution, Plaintiff Gil Berry, doing business as Gil

2

Berry & Associates ("GBA"), and another entity were named as the developers for the project. (Id. ¶ 13.) Thereafter, at ASU's and GBA's request, Plaintiff Marous Brothers Construction ("Marous") was hired "to document existing conditions, prepare design documents, and prepare documents outlining the intended scope of the renovation work." (Id. ¶¶ 1, 14.) Consequently, Marous made "several field visits to ASU" and "prepared floor plans, elevations, and detailed cost estimates for each of the six subject dormitory buildings." (Id. ¶ 14.)

In May 2006, Marous provided its "proprietary work product" to ASU, detailing its proposed renovations to the six dormitories. (Id. ¶ 15.) Subsequently, ASU used Marous' proprietary work product to obtain financing for the Student Resident Project. (Id. ¶¶ 18, 21.) Overall, Marous provided preconstruction services on the Student Residence Project totaling $454,777.00, and GBA incurred fees related to its supervision of the preconstruction services in the amount of $196,585.68. (Id. ¶ 35.) Plaintiffs have submitted invoices for payment to ASU, but ASU has never paid the invoices, notwithstanding Plaintiffs' repeated requests. (Id. ¶¶ 16, 17, 24, 28, 29, 35, 38.)

Seeking payment for services rendered and other relief, Plaintiffs filed this action in May 2007 against ASU and five other Defendants. Plaintiffs contend that ASU entered into an agreement with Plaintiffs "for development work to design, build, renovate, and

procure financing for the Student Resident Project, that Plaintiffs fully performed the agreed-upon work, and that ASU owes them $651,362.68 for that work. (Id. ¶¶ 42-45.) Plaintiffs seek relief from ASU principally under a breach of contract theory. (Id. ¶¶ 41-46.)

## IV.  DISCUSSION

As grounds for its motion to dismiss, ASU argues that Plaintiffs' claims against it are barred by the doctrine of sovereign immunity, as provided in Article I § 14 of the Alabama Constitution of 1901, because it is an instrumentality of the State of Alabama. Plaintiffs do not dispute that ASU is a state agency which ordinarily would not be subject to suit under the doctrine of sovereign immunity. Plaintiffs, however, argue that their allegations establish that ASU is legally obligated to pay Plaintiffs for the preconstruction services they rendered in connection with ASU's Student Resident Project and that these facts bring their action within one of the doctrine's narrow exceptions. For the reasons to follow, the court agrees with Plaintiffs.

Article I, § 14 of the Alabama Constitution of 1901, provides that "the State of Alabama shall never be made a defendant in any court of law or equity." Id.  Section 14 immunity extends to state agencies, Phillips v. Thomas, 555 So.2d 81, 83 (Ala. 1989), which includes the "state's institutions of higher learning." Taylor v. Troy State University, 437 So.2d 472, 474 (Ala. 1983). While the doctrine of sovereign immunity is "nearly impregnable," Patterson v. Gladwin Corp., 835 So.2d 137, 142 (Ala. 2002), the

Supreme Court of Alabama "has held that certain categories of actions do not come within the prohibition of § 14[.]" Taylor, 437 So.2d at 474. One of those categories is "actions brought to force state employees or agencies to perform their legal duties." State Highway Dept. v. Milton Constr. Co. ("Milton"), 586 So.2d 872, 875 (Ala. 1991).

      Here, Plaintiffs allege that ASU entered into an agreement with them whereby ASU would pay Plaintiffs for certain preconstruction services related to the Student Residence Project. Plaintiffs allege that they performed this work, provided their work product to ASU, and submitted invoices to ASU totaling $651,362.68. Plaintiffs further allege that ASU accepted Plaintiffs' work product and used that work product to secure bond financing for the Student Residence Project and for other purposes, but that ASU has not paid Plaintiffs. Accepting these facts as true, which the court must do at this stage of the litigation, the court finds that the allegations establish that ASU legally contracted under state law for services and accepted such services and, thus, is legally obligated to pay for the services accepted under the terms of the agreement. See Milton, 586 So.2d at 875; (Compl. ¶¶ 41-45.) It follows, as it did in Milton, that "this obligation is not subject to the doctrine of sovereign immunity" because "it is in the nature of an action to compel [a state agency] to perform [its] legal duties and pay [Plaintiffs] for services contracted for and rendered." 586 So.2d at 875. Because Plaintiffs have alleged

facts which fall within an exception to sovereign immunity, the court finds that ASU's motion to dismiss is due to be denied.[1]

## V.  ORDER

Accordingly, it is CONSIDERED and ORDERED that Defendant Alabama State University's motion to dismiss be and the same is hereby DENIED.

DONE this 4th day of February, 2008.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Because the court finds that Plaintiffs overcome ASU's motion to dismiss based upon the sovereign immunity exception discussed above, it need not and declines to discuss the second exception upon which Plaintiffs rely as an alternative ground to defeat the application of the doctrine of sovereign immunity.

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

# CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

   (a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

   (b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

   (c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

   (d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

   (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).