IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Marous Brothers Construction, LLC, a corporation, and Gil Berry, an individual d/b/a Gil Berry & Associates, | ) ) ) ) |
| PLAINTIFFS, | ) C.A.N.: 2:07-cv-00384-ID-CSC ) |
| v. | ) ) |
| Alabama State University, et al., | ) ) |
| DEFENDANTS. | ) |

**ANSWER OF ALABAMA STATE UNIVERSITY PRESIDENT JOE A. LEE AND CHAIRMAN ELTON N. DEAN, SR. TO PLAINTIFFS' AMENDED COMPLAINT**

      **COME NOW** the Defendants Alabama State University, President Joe A. Lee ("President Lee") and Chairman Elton N. Dean, Sr. ("Chairman Dean") collectively referred to as the Alabama State University ("ASU") Defendants and hereby submit this Answer in response to the Plaintiffs' Amended Complaint in the above-styled action. All allegations which are not expressly admitted are denied by the ASU Defendants. The ASU Defendants demand strict proof of those allegations not admitted to in the Plaintiffs' Amended Complaint.

**PARTIES**

1.     The ASU Defendants can neither admit nor deny.

2.     The ASU Defendants can neither admit nor deny.

3.     Admitted.

4.     The ASU Defendants can neither admit nor deny.

5. The ASU Defendants can neither admit nor deny.

6. The ASU Defendants can neither admit nor deny.

7. Admitted.

8. Admitted.

## JURISDICTION

9. The ASU Defendants can neither admit nor deny.

10. The ASU Defendants can neither admit nor deny.

## SUBSTANTIVE AVERMENTS

11. Admitted.

12. Denied. The Plaintiffs were never hired by ASU because the parties never agreed upon a contract for services. The Plaintiffs were engaged to develop a plan to renovate the dormitories at ASU and the terms of this engagement, as written by the Plaintiffs, provided that all work was to be done at no cost to ASU. Admitted that Student Suites is not a party to this civil action.

13. Denied. A Committee of the Board cannot pass a Resolution, it can only make a recommendation to the full Board. The Property Committee did make a recommendation that the Board engage the Plaintiffs to develop a plan to renovate the dormitories at ASU. The terms of this engagement, as written by the Plaintiffs, provided that all work was to be done at no cost to ASU.

14. Denied.

15. Denied.

16. Admitted. The Plaintiffs did submit invoices to ASU. However, the invoices were not paid because all work done relative to the development of a renovation plan was to be done at no cost to ASU.

17. Denied. President Lee has always indicated to the Plaintiffs that the University could not pay any money unless and until the parties entered into a contractual agreement.

18. Denied.

19. Admitted. The bond documents gave a general description of the University's intention with respect to the student housing project, but nowhere in the bond documents are the Plaintiffs named as the developers of the student housing project. Denied as to the renovations proposed by Marous and GBA being within the scope of the bond.

20. Denied. ASU knew which dorms were to be renovated long before meeting with the Plaintiffs. Furthermore, any use of the Plaintiff' work was done with their express permission and was returned to Plaintiff upon request.

21. Denied.

22. Denied. The Plaintiffs were represented by the law firm of Haskell, Slaughter, Young & Gallion during the development and negotiation phase.

23. Admitted. However, the parties never agreed upon the terms of the agreement. Hence, the Plaintiffs were never "hired" by ASU to do anything.

24. Denied. President Lee and ASU never made representations contrary to the Resolution passed by the Board of Trustees.

25. Denied.

26. Admitted.

27. Admitted.

28. Denied.

29. Admitted as to Marous and ASU having communication regarding costs and fees. Denied as to the remainder of the paragraph.

30. Denied.

31. Denied.

32. Denied. The Board of Trustees voted not to accept the agreement submitted by the Plaintiffs. Per the terms of a contractual agreement with ASU, TCU serves as the owner's representative for the student residence renovation project and other construction projects at the University. The Plaintiffs' proprietary work is not being used in connection with the student residence project or any other project at ASU.

33. Admitted.

34. Denied. All of Plaintiffs proprietary work was returned to them. Further, neither the Plaintiffs nor any other private individuals can prohibit ASU, a public institution, from hiring an architect.

35. Denied. President Lee reminded the Plaintiffs in writing that all work performed in the development of a renovation plan was to be done at no cost to the University. To pay the invoices would be contrary to the Resolution passed by the Board of Trustees.

36. Denied. The work previously done by the Plaintiffs has been returned and is not being relied upon in the current renovation plan for the dormitories.

37. Denied. The Resolution drafted by the Plaintiffs clearly stated that all work was to be done at no cost to ASU. Furthermore, the Plaintiffs were never guaranteed a professional services contract to renovate the dormitories at ASU. The mere fact that the

parties were engaged in negotiations refutes any allegations that the Plaintiffs reasonably relied upon representations that they would be awarded a contract.  Further still, ASU and its officials are obligated by law to use due diligence and make the best choice in the expenditure of state funds.  ASU and its officials did just that.

38.     Denied.  The Plaintiffs are not due any compensation, and all proprietary work has been returned.

39.     Denied.  The Plaintiffs are not due any compensation, and all proprietary work has been returned.  Further, said work is not being relied upon for the student housing project or any other project at ASU.

40.     Denied.

## COUNT ONE
## BREACH OF CONTRACT

41.     The ASU Defendants incorporate their responses to Paragraphs 1 through 40 as if fully set forth herein.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

## COUNTY TWO
## QUANTUM MERUIT

47.     The ASU Defendants incorporate their responses to Paragraphs 1 through 46 as if fully set forth herein.

48.     Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

## COUNT THREE
## FRAUDULENT MISREPRESENTATION

54. The ASU Defendants incorporate their responses to Paragraphs 1 through 53 as if fully set forth herein.

55. The ASU Defendants will neither admit nor deny this allegation as the Defendants referenced are represented by separate counsel.

56. The ASU Defendants will neither admit nor deny this allegation as the Defendants referenced are represented by separate counsel.

57. The ASU Defendants will neither admit nor deny this allegation as the Defendants referenced are represented by separate counsel.

58. The ASU Defendants will neither admit nor deny this allegation as the Defendants referenced are represented by separate counsel.

59. The ASU Defendants will neither admit nor deny this allegation as the Defendants referenced are represented by separate counsel.

60. The ASU Defendants will neither admit nor deny this allegation as the Defendants referenced are represented by separate counsel.

61.  Denied. The Plaintiffs are not due any compensation, and all proprietary work has been returned. Further, said work is not being relied upon for the student housing project or any other project at ASU.

## COUNT FOUR
## FRAUD

62.  The ASU Defendants incorporate their responses to Paragraphs 1 through 61 as if fully set forth herein.

63.  Denied.

64.  Denied.

65.  Denied.

66.  Denied.

67.  Denied.

68.  Denied.

## COUNT FIVE
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

69.  The ASU Defendants incorporate their responses to Paragraphs 1 through 68 as if fully set forth herein.

70.  The ASU Defendants will neither admit nor deny this allegation as the Defendants referenced are represented by separate counsel.

71.  The ASU Defendants will neither admit nor deny this allegation as the Defendants referenced are represented by separate counsel.

72.  The ASU Defendants will neither admit nor deny this allegation as the Defendants referenced are represented by separate counsel. Notwithstanding, neither TCU,

Upchurch nor Percy Thomas ever represented to the ASU Defendants that they should be "hired" instead of the Plaintiffs.

73.     The ASU Defendants will neither admit nor deny this allegation as the Defendants referenced are represented by separate counsel.

## COUNT SIX
## CONVERSION

74.     The ASU Defendants incorporate their responses to Paragraphs 1 through 73 as if fully set forth herein.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.  The Plaintiffs are not due any compensation, and all proprietary work has been returned.  Further, said work is not being relied upon for the student housing project or any other project at ASU.

79.     Denied.

## COUNT SEVEN
## CONSPIRACY

80.     The ASU Defendants incorporate their responses to Paragraphs 1 through 79 as if fully set forth herein.

81.     Denied.  There was never a contract, express or implied, between the Plaintiffs and ASU.

82.     Denied. The Plaintiffs were not owed any compensation nor were they owed the benefit of a professional services contract to renovate ASU's dormitories.

83. Denied. The actions taken by the ASU Defendants were done in furtherance of their obligation to perform due diligence and to make the best decision as it relates to the expenditure of public money.

## COUNT EIGHT
## LOSS OF BUSINESS OPPORTUNITY

84. The ASU Defendants incorporate their responses to Paragraphs 1 through 83 as if fully set forth herein.

85. Denied.

86. Denied.

## COUNT NINE
## INJUNCTIVE AND OTHER RELIEF

87. The ASU Defendants incorporate their responses to Paragraphs 1 through 86 as if fully set forth herein.

88. Denied.

## COUNT TEN
## FAILURE TO AUTHORIZE PAYMENT

89. The ASU Defendants incorporate their responses to Paragraphs 1 through 88 as if fully set forth herein.

90. Denied.

91. Denied.

## AFFIRMATIVE DEFENSES

The ASU Defendants assert the following affirmative defenses against the claims asserted in the Plaintiffs' Complaint:

1. The Plaintiffs have failed to state a claim upon which relief can be granted.

2.     ASU is immune from suit under Article I, § 14, Alabama Constitution (1901). ASU is an educational institution operating under the supervision of a state agency. ASU is entitled to sovereign immunity against all of Plaintiff's claims.

3.     President Lee and Chairman Dean are immune from suit under the doctrine of discretionary immunity and are entitled to such immunity against all of the Plaintiffs' claims as well as any other University official performing discretionary functions.

4.     All claims against ASU Defendants should be dismissed as official capacity suits are nothing more than suits against the institution, and ASU has already been named as a party to this action. *See Hinson v. Holt*, 776 So. 2d 804, 810 (Ala.Civ.App. 1998).

5.     President Lee and Chairman Dean entitled to qualified immunity in their individual and official capacities.

6.     The Plaintiffs have failed to state a claim upon which compensatory damages may be awarded.

7.     No action of President Lee or Chairman Dean was the proximate cause of any of the Plaintiffs' alleged damages.

8.     The Plaintiffs have failed to establish a prima facie case on all of the claims asserted in this lawsuit.

9.     At all times relevant to this action, President Lee and Chairman Dean were acting upon their reasonable understanding and belief of the requirements of the governing federal law and state law.

10.    The Plaintiffs have failed to state factual allegations to support the claim of breach of contract.

11. The Plaintiffs' claims for punitive damages are due to be stricken as sufficient facts are not pled to permit the Plaintiff to recover punitive damages.

12. President Lee and Chairman Dean deny that they are guilty of any conduct which entitles Plaintiff to recover punitive damages.

13. President Lee and Chairman Dean aver that any award of punitive damages to the Plaintiff in this case will be a violation of the constitutional safeguards provided to them under the Constitution of the State of Alabama.

14. President Lee and Chairman Dean aver that any award of punitive damages to the Plaintiff in this case will be a violation of the constitutional safeguards provided to them under the Constitution of the United States of America.

15. To the extent the claims asserted in this action are wholly without foundation or facts and are frivolous, Alabama State University, President Lee and Chairman Dean assert that they are entitled to relief under this Court's inherent powers and any other rule, statute or case law that provides for an award of attorney's fees.

16. President Lee and Chairman Dean demand attorney's fees and costs.

17. The ASU Defendants plead the defense of illegality.

18. The Plaintiffs seek damage for claims of work done as a general contractor and/or architect. The Plaintiffs were not licensed as a general contractor or architect during the time the work was allegedly performed. Any contractor or architectural services performed by the Plaintiffs during this time period would have be done so illegally.

19. The Plaintiffs were not duly authorized to transact business in the State of Alabama at the time that they allege to have formed a contract with Alabama State

University. Pursuant to Ala. Code § 10-2B-15.02, any contract entered into by a foreign company prior to obtaining authorization to transact business shall be void.

20. The ASU Defendants plead the statute of frauds.

21. The ASU Defendants plead the doctrine of unclean hands.

22. The Plaintiffs have not pled fraud with particularity.

23. The Plaintiffs' action for tortious interference with business relationship must fail as the Defendants are not strangers to the alleged business relationship.

24. The ASU Defendants reserve the right to amend these defenses at a later date.

Respectfully Submitted,

/s/ Ramadanah M. Salaam-Jones
**KENNETH L. THOMAS (THO043)**
**RAMADANAH M. SALAAM-JONES (SAL026)**

**OF COUNSEL:**
**THOMAS, MEANS,GILLIS,& SEAY, P.C.**
POST OFFICE DRAWER 5058
3121 ZELDA COURT
MONTGOMERY, ALABAMA 36103-5058
(334)270-1033
Fax: (334)260-9396

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following counsel of record via this Court's electronic filing system on this the 21st day of February, 2008:

Jock M. Smith, Esq.
**COCHRAN, CHERRY, GIVENS & SMITH, P.C.**
P.O. Box 830419
Tuskegee, Alabama 36083

12

Champ Lyons, III, Esq.
**KING, HORSLEY & LYONS, LLC**
One Metroplex Drive
Suite 280
Birmingham, Alabama 35209

J. Lister Hubbard, Esq.
R. Brooke Lawson, Esq.
**CAPELL & HOWARD, P.C.**
Post Office Box 2069
Montgomery, Alabama 36102-2069
(334) 241-8000
Fax: (334) 323-8888

<u>/s/ Ramadanah M. Salaam-Jones</u>
**OF COUNSEL**