IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MAROUS BROTHERS CONSTRUCTION, L.L.C., a corporation, and GIL BERRY, an individual and d/b/a GIL BERRY & ASSOCIATES,<br><br>    Plaintiffs,<br><br>ALABAMA STATE UNIVERSITY, a public corporation; W. KEN UPCHURCH III, an individual; PERCY THOMAS, an individual; TCU CONSULTING SERVICES, L.L.C., a corporation; JOE A. LEE, individually and in his official capacity as President of Alabama State University; ELTON N. DEAN, SR., individually and in his officialcapacity as Chairman of the Board of Trustees of Alabama State University,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 2:07-CV-00384-ID-CSC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION FOR LEAVE TO AMEND COUNTERCLAIM

TCU Consulting Services, LLC, W. Ken Upchurch III, and Percy Thomas (collectively the "Defendants") respectfully move the Court for leave to amend their Counterclaim on the following grounds:

1. On or about September 5, 2007, Defendants filed a counterclaim against Plaintiffs Marous Brothers Construction and Gil Berry for defamation. Plaintiffs thereafter moved to dismiss the counterclaim, arguing that Defendants failed to allege that Plaintiffs acted with "actual malice" in publishing the referenced defamatory statements.

2. While the Court denied Plaintiffs' motion to dismiss, it left open the possibility that the issue could be revisited at a later date upon a motion for summary judgment.

Therefore, Defendants seek to amend their counterclaim to include a new count which alleges Plaintiffs acted with actual malice in publishing the defamatory statements. Moreover, Defendants have gained additional evidence through discovery in support of their defamation claims against Plaintiffs. A copy of the proposed amendment is attached hereto as Exhibit "A".

3. The Court's February 12, 2008 order extended Defendants' deadline for seeking leave to amend the pleadings to and including February 28, 2008.

WHEREFORE, Defendants TCU Consulting Services, LLC, W. Ken Upchurch III, and Percy Thomas respectfully move the Court for leave to amend their counterclaim against Plaintiffs Gil Berry and Marous Brothers Construction.

/s/   R. Brooke Lawson III
**J. LISTER HUBBARD (HUB007)**
**R. BROOKE LAWSON III (LAW026)**

Attorneys for Defendants TCU Consulting Services, LLC, W. Ken Upchurch III, and Percy Thomas

OF COUNSEL:
**CAPELL & HOWARD, P.C.**
Post Office Box 2069
150 South Perry Street
Montgomery, Alabama 36102-2069
334/241-8000

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the following was served on the following by electronic filing, on this the 28th day of February 2008:

Kenneth L. Thomas, Esq.
Ramadanah M. Salaam-Jones, Esq.
Thomas, Means, Gillis & Seay, P.C.
P.O. Drawer 5058
Montgomery, Alabama 36103-5058

Jock M. Smith, Esq.
Cochran, Cherry, Givens & Smith, P.C.
306 North Main Street
P.O. Box 830419
Tuskegee, Alabama 36083

Champ Lyons, III
King, Horsley & Lyons, LLC
One Metroplex Drive
Suite 280
Birmingham, Alabama 35209

David E. Allred, Esq.
D. Craig Allred, Esq.
David E. Allred, P.C.
P.O. Box 241594
Montgomery, Alabama 36124-1594

            /s/   R. Brooke Lawson III
            Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MAROUS BROTHERS CONSTRUCTION, L.L.C., a corporation, and GIL BERRY, an individual and d/b/a GIL BERRY & ASSOCIATES,<br><br>    Plaintiffs,<br><br>ALABAMA STATE UNIVERSITY, a public corporation; W. KEN UPCHURCH III, an individual; PERCY THOMAS, an individual; TCU CONSULTING SERVICES, L.L.C., a corporation; JOE A. LEE, individually and in his official capacity as President of Alabama State University; ELTON N. DEAN, SR., individually and in his officialcapacity as Chairman of the Board of Trustees of Alabama State University,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 2:07-CV-00384-ID-CSC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AMENDED COUNTERCLAIM

TCU Consulting Services, LLC, W. Ken Upchurch III, and Percy Thomas (collectively hereinafter referred to as "Counterclaim Plaintiffs", unless otherwise noted), pursuant to Rule 13 of the Federal Rules of Civil Procedure, amend their counterclaim as follows:

1.    Upon information and belief, in September of 2006, and possibly on other occasions, Counterclaim Defendants Gil Berry ("Berry) and Marous Brothers Construction, LLC ("Marous"), by and through its agents, published false and defamatory statements about Counterclaim Plaintiffs. These defamatory statements later appeared in two newspaper articles in *The Montgomery Advertiser* on July 22, 2007.

EXHIBIT A

2.  Specifically, Berry and Marous falsely and maliciously accused the Counterclaim Plaintiffs of (i) using unethical or illegal means to take the Alabama State University ("ASU") dorm renovation project at issue in this case from Berry and Marous; (ii) providing illegal "kickbacks" or other improper and illegal payments to ASU Trustees Elton Dean and John Knight; (iii) lying or fraudulently misrepresenting facts concerning Marous and Berry to the ASU Board of Trustees; and (iv) using illegal or other criminal means to secure other jobs or projects from ASU.

3.  Further, Berry falsely and maliciously accused Counterclaim Plaintiffs of providing illegal kickbacks or making other improper payments to ASU officials; of "stealing" work from him; of lying and fraudulently misrepresenting facts concerning Berry and Marous to ASU; and of using illegal or unethical means to secure jobs with ASU. Such statements were made to various members of the ASU Board of Trustees and to members of the media.

### COUNT ONE

4.  Counterclaim Plaintiffs incorporate by reference paragraphs 1-3 as if fully set forth herein.

5.  Berry and Marous intentionally, recklessly, maliciously, and/or negligently published these false statements about the Counterclaim Plaintiffs. The defamatory statements were not privileged or otherwise protected communications.

6.  As a proximate result of the defamatory statements published by Berry and Marous, the Counterclaim Plaintiffs' good names and reputations have been severely injured in the community and they have been subjected to disgrace, ridicule, contempt, and humiliation. Moreover, as a direct and proximate result of the defamatory statements made

by Berry and Marous, the Counterclaims Plaintiffs have been injured and prejudiced in their business dealings and relationships with others. The defamatory statements have also caused Counterclaim Plaintiffs Upchurch and Thomas to suffer embarrassment and mental pain and anguish, and they continue to suffer in this manner.

7. On July 30, 2007, the Counterclaim Plaintiffs demanded that Berry and Marous retract the defamatory statements made about them (copy attached hereto as Exhibit "A"). However, Berry and Marous failed and refused to retract the false and defamatory statements. Moreover, they denied they even made these statements. Pursuant to *Ala.Code* § 6-5-186 (1975), Counterclaim Plaintiffs claim punitive damages from Berry and Marous.

WHEREFORE, Counterclaim Plaintiffs TCU Consulting Services, LLC, W. Ken Upchurch III, and Percy Thomas demand a judgment against Counterclaim Defendants Gil Berry and Marous Brothers Construction, LLC for compensatory and punitive damages and for such other damages, costs and fees as the Court may award.

## COUNT TWO

8. Counterclaim Plaintiffs incorporate by reference paragraphs 1-7 as if fully set forth herein.

9. Berry and Marous acted with actual malice, or with knowledge that their statements were false or with reckless disregard of whether they were false or not, in publishing the false or defamatory statements about Counterclaim Plaintiffs. The defamatory statements were not privileged or otherwise protected communications.

10. As a proximate result of the defamatory statements published by Berry and Marous, the Counterclaim Plaintiffs' good names and reputations have been severely injured in the community and they have been subjected to disgrace, ridicule, contempt, and

3

humiliation. Moreover, as a direct and proximate result of the defamatory statements made by Berry and Marous, the Counterclaims Plaintiffs have been injured and prejudiced in their business dealings and relationships with others. The defamatory statements have also caused Counterclaim Plaintiffs Upchurch and Thomas to suffer embarrassment and mental pain and anguish, and they continue to suffer in this manner.

11. On July 30, 2007, the Counterclaim Plaintiffs demanded that Berry and Marous retract the defamatory statements made about them (copy attached hereto as Exhibit "A"). However, Berry and Marous failed and refused to retract the false and defamatory statements. Moreover, they denied they even made these statements. Pursuant to *Ala.Code* § 6-5-186 (1975), Counterclaim Plaintiffs claim punitive damages from Berry and Marous.

WHEREFORE, Counterclaim Plaintiffs TCU Consulting Services, LLC, W. Ken Upchurch III, and Percy Thomas demand a judgment against Counterclaim Defendants Gil Berry and Marous Brothers Construction, LLC for compensatory and punitive damages and for such other damages, costs and fees as the Court may award.

**COUNTERCLAIM PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES IN THIS CASE.**

 

J. LISTER HUBBARD (HUB007)
R. BROOKE LAWSON III (LAW026)

Attorneys for Defendants TCU Consulting Services, LLC, W. Ken Upchurch III, and Percy Thomas

OF COUNSEL:
CAPELL & HOWARD, P.C.
Post Office Box 2069
150 South Perry Street
Montgomery, Alabama 36102-2069
334/241-8000

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the following was served on the following by electronic filing, on this the _____ day of _____, 2008:

Kenneth L. Thomas, Esq.
Ramadanah M. Salaam-Jones, Esq.
Thomas, Means, Gillis & Seay, P.C.
P.O. Drawer 5058
Montgomery, Alabama 36103-5058

Jock M. Smith, Esq.
Cochran, Cherry, Givens & Smith, P.C.
306 North Main Street
P.O. Box 830419
Tuskegee, Alabama 36083

Champ Lyons, III
King, Horsley & Lyons, LLC
One Metroplex Drive
Suite 280
Birmingham, Alabama 35209

David E. Allred, Esq.
D. Craig Allred, Esq.
David E. Allred, P.C.
P.O. Box 241594
Montgomery, Alabama 36124-1594


_____
Of Counsel

FRANK H. McFADDEN
JOHN F. ANDREWS
WILLIAM D. COLEMAN
WILLIAM K. MARTIN
GEORGE L. BECK, JR.
BRUCE J. DOWNEY III
HENRY C. BARNETT, JR.
K. PALMER SMITH
ROBERT T. MEADOWS III
HENRY H. HUTCHINSON
SHAPARD D. ASHLEY
D. KYLE JOHNSON
ROBERT F. NORTHCUTT

J. LISTER HUBBARD
JAMES N. WALTER, JR.
JAMES H. McLEMORE
CONSTANCE SMITH BARKER
THOMAS M. EDEN III
W. HOLT SPEIR III
CHRISTOPHER W. WELLER
DEBRA DEAMES SPAIN
C. CLAY TORBERT III
R. BROOKE LAWSON III
J. SCOTT PIERCE
ROBERT D. RIVES
RICHARD H. ALLEN

M. COURTNEY WILLIAMS
LEE M. RUSSELL, JR.
CHAD W. BRYAN
MICHAEL P. DALTON
CATY HOUSTON RICHARDSON
ARDEN REED PATHAK
TODD H. COX
TERRIE SCOTT BIGGS

OF COUNSEL:
JAMES M. SCOTT
THOMAS S. LAWSON, JR.

# CAPELL & HOWARD P.C.
### ATTORNEYS AT LAW

July 30, 2007

Gil Berry
Chip Marous
Arne Goldman
Marous Brothers Construction, LLC
c/o Augusta S. Dowd, Esq.
White Arnold Andrews & Dowd, P.C.
2025 Third Avenue North, Suite 600
Birmingham, Alabama 35203

Via Electronic Mail and US Mail

Re:   *Marous Brothers Construction, et al. v. Alabama State University, et al.*
      United States District Court for the Middle District of Alabama
      Case No. CV-07-384-ID-CSC

Dear Messrs. Berry, Marous, and Goldman and Marous Brothers Construction, LLC:

As you know, we represent TCU Consulting Services, LLC ("TCU"), W. Ken Upchurch III ("Upchurch"), and Percy Thomas ("Thomas") in this matter.

It has come to the attention of our clients that one or more of you published false and defamatory statements about them to employees of *The Montgomery Advertiser* and other media representatives, members of the public who attended the September 22, 2006 meeting of the Board of Trustees of Alabama State University ("ASU"), and possibly others, including Alabama Governor Bob Riley and his staff and members of the ASU Board of Trustees. Specifically, you told such persons that TCU, Upchurch, and Thomas "stole" a project belonging to you or Marous Brothers Construction, that they provided "kickbacks" or other improper and illegal payments to Elton Dean and John Knight, that they fraudulently misrepresented facts to the ASU Board of Trustees, and that TCU obtained ASU jobs because of illegal activity committed by TCU, Upchurch, and Thomas. You have purposely and intentionally disparaged TCU, Upchurch, and Thomas' character and reputation by accusing them of dishonesty and criminal activity in their personal and professional dealings with others. Your statements and remarks are false and were published with knowledge of their falsity.

Your defamatory statements have caused my clients to lose business opportunities and to suffer damage to their reputations in the community. Therefore, pursuant to Section 6-5-

MONTGOMERY · OPELIKA / AUBURN

150 SOUTH PERRY STREET (36104), POST OFFICE BOX 2069, MONTGOMERY, ALABAMA 36101
334 241 8000 *tel*   334 323 8888 *fax*   www.capellhoward.com



EXHIBIT A

186 of the Code of Alabama, TCU, Ken Upchurch, and Percy Thomas demand that you publish a full and fair retraction of all such charges, accusations, and statements in a public and prominent place and manner within five (5) days of your receipt of this letter. Should you fail or refuse to retract your defamatory statements, TCU, Upchurch, and Thomas will seek punitive damages from you, in addition to other damages.

All communications regarding this matter should be directed to my attention.

Sincerely,

R. Brooke Lawson III

RBLIII/gf:

pc:   J. Lister Hubbard, Esq.
      W. Ken Upchurch, III
      Percy Thomas