IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MAROUS BROTHERS CONSTRUCTION, LLC, a Corporation, and GIL BERRY, an Individual d/b/a GIL BERRY & ASSOCIATES, <br><br> *Plaintiffs,* <br><br> ALABAMA STATE UNIVERSITY, *et al.,* <br><br> *Defendants.* | CIVIL ACTION NO. 2:07cv384-ID |

## RESPONSE TO SHOW CAUSE ORDER
## AND MOTION TO STRIKE
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)

NOW COMES **MAROUS BROTHERS CONSTRUCTION, LLC**, one of the plaintiffs and a counterclaim defendant herein, and, in response to this Court's February 29, 2008 show cause order, submits the following motion to strike Defendants TCU Consulting Services, LLC, W. Ken Upchurch, III, and Percy Thomas ("the TCU Defendants") amendment to counterclaim pursuant to *Federal Rule of Civil Procedure* 12(f). For reason, Marous states as follows:

    1.    Rule 12(f) of the *Federal Rules of Civil Procedure* provides:

> "On its own initiative or upon motion, the Court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

*Federal Rule of Civil Procedure* 12(f).

2. "A 'redundant' matter consists of allegations that constitute a needless repetition of other averments." *Owens v. Blue Tree Corp.*, 177 F.R.D. 673, 678 (M.D. Ala. 1998), citing 5A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure, § 1382 at 704, 1990.

3. "Rule 12(f) allows the Court to strike such matters upon proper motion by the parties or by the Court's own initiative." *Owens*, citing *McCorstin v. U. S. Dept. of Labor*, 630 F.2d 242, 244 (5th Cir. 1980).

4. In *Owens*, the Court held that several counterclaims asserted by the defendant were "due to be stricken as redundant of its claims already asserted" in another action pending regarding the same subject matter. See *Owens* at 678.

5. In the instant case, the majority of the averments contained in the amended counterclaim filed by the TCU Defendants are identical to the original counterclaim filed by those defendants on September 5, 2007.

6. Specifically, Paragraphs 1, 2, 5, 6, and 7 of the TCU Defendants' amended counterclaim filed on February 28, 2008 are carbon copies of the averments filed in the original counterclaim and are due to be stricken as redundant pursuant to 12(f) of the *Federal Rules of Civil Procedure*.

WHEREFORE, THE PREMISES CONSIDERED, Marous Brothers Construction moves the Court to strike Paragraphs 1, 2, 5, 6, and 7 of the TCU Defendants' counterclaim filed on February 28, 2008 pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure*.

Respectfully submitted,


 /s/ *David E. Allred*  
DAVID E. ALLRED  
D. CRAIG ALLRED  
Attorneys for Above-Named Plaintiff/  
Counterclaim Defendant

OF COUNSEL:

DAVID E. ALLRED, P.C.  
Post Office Box 241594  
Montgomery, Alabama  36124-1594  
Telephone:   (334) 396-9200  
Facsimile:    (334) 396-9977


CERTIFICATE OF SERVICE

I hereby certify that I have this 5th day of March, 2008 electronically filed the foregoing *Response to Show Cause Order and Motion to Strike Pursuant to Federal Rule of Civil Procedure 12(f)* with the Clerk of the Court for the United States District Court, for the Middle District of Alabama, Northern Division, using the CM/ECF system, which will send notification of such filing to:

>   Jock M. Smith, Esq.
>   Brian P. Strength, Esq.
>   J. Lister Hubbard, Esq.
>   R. Brooke Lawson, III, Esq.
>   Kenneth L. Thomas, Esq.
>   Ramadanah M. Salaam-Jones, Esq.
>   Champ Lyons, III, Esq.

 /s/ *David E. Allred*

OF COUNSEL