IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **Marous Brothers Construction, LLC,** a corporation, and **Gil Berry,** an individual d/b/a Gil Berry & Associates, | ) ) ) ) |
| PLAINTIFFS, | ) C.A.N.: 2:07-cv-00384-ID-CSC ) |
| v. | ) ) |
| **Alabama State University, et al.,** | ) ) ) |

### DEFENDANTS ALABAMA STATE UNIVERSITY, PRESIDENT JOE A. LEE AND CHAIRMAN ELTON N. DEAN, SR.'S MOTION FOR SUMMARY JUDGMENT

**COME NOW** Alabama State University, President Joe A. Lee, Chairman Elton N. Dean, Sr. (hereinafter collectively referred to as the "ASU Defendants") and hereby moves this Court grant summary judgment in their favor against all of the Plaintiffs' claims filed against them in the above-styled action. The ASU Defendants file, contemporaneously with this Motion, a Memorandum Brief and Evidentiary Submissions in support of their arguments for summary judgment. The ASU Defendants state the following:

1.     The Plaintiffs filed this action against the ASU Defendants, TCU Consulting Services, Inc., Ken Upchurch and Percy Thomas on May 3, 2007. The Plaintiffs alleged that the ASU Defendants committed acts of breach of contract, conversion, conspiracy, and fraud. The Plaintiffs also sought injunctive relief and relief based upon the theory of quantum meruit. The Plaintiffs filed an Amended Complaint

February 11, 2008 adding an additional claim of failure to authorize payment against President Lee and Chairman Dean.

2. Based upon the pleadings and the discovery taken to date in this case, there are no genuine issues of material fact existing in any of the Plaintiffs' claims, and the ASU Defendants are entitled to summary judgment. Because this is a diversity action involving basic tort and contract claims, substantive Alabama law is controlling as it relates to the analysis of the Plaintiffs' causes of action. Pursuant to Alabama law, the ASU Defendants are entitled to judgment as a matter of law.

3. To succeed under a claim of breach of contract the Plaintiffs must show "(1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." *State Farm Fire & Cas. Co. v. Slade*, 747 So.2d 293, 303 (Ala. 1999). The Plaintiffs cannot succeed on a breach of contract claim because there was no valid and existing contract between the Plaintiffs and ASU and there was no breach on the part of ASU.

4. The theory of quantum meruit is applicable when "one knowingly accepts services rendered by another, and the benefit and result thereof, the law implies a promise on the part of the one accepting with knowledge the services rendered by another to pay the reasonable value of such services rendered." *Mantiply v. Mantiply*, 951 So. 2d 638, 656 (Ala. 2006) (quoting *Hendrix, Mohr and Yardley v. City of Daphne*, 359 So. 2d 792, 795 (Ala. 1978). Additionally, "the plaintiff must show that it had a reasonable expectation of compensation for its services." Id. (quoting *Utah Foam Prods. v. Polytec, Inc.*, 584 So. 2d 1345 (Ala. 1991). The Plaintiffs' claim of quantum meruit must fail

2

because ASU did not accept any services rendered by the Plaintiffs nor did the Plaintiffs have any reasonable expectation of payment.

5. To succeed on a fraud claim the plaintiff must show "1) a misrepresentation of material fact, 2) made willfully to deceive, recklessly without knowledge or mistakenly, 3) that was reasonably relied on by the plaintiff under the circumstances, and 4) that caused damage as a proximate consequence." *Brushwitz v. Ezell*, 757 So. 2d 423, 429 (Ala. 2000) (emphasis added). The Plaintiff Gil Berry cannot succeed on a fraud claim against President Lee because he could not have reasonably relied on the alleged statements when he had knowledge of the true facts.

6. A plaintiff can establish a conversion claim by presenting proof of either of the following:

> 1) a wrongful taking,
> 2) an illegal assumption of ownership,
> 3) an illegal use or misuse of another's property, or
> 4) a wrongful detention or interference with another's property.

*Crown Life Ins. Co. v. Smith*, 657 So. 2d 821, 823 (Ala. 1994). The Plaintiffs cannot establish a prima facie conversion claim when they have no evidence that the ASU Defendants either took or used their proprietary work unlawfully.

7. Civil conspiracy is defined as "a combination of two or more persons to accomplish an unlawful end or to accomplish a lawful end by unlawful means." *Hooper v. Columbus Regional Healthcare System, Inc.*, 956 So. 2d 1135, 1141 (Ala. 2006) (quoting *Keith v. Witt Auto Sales, Inc.*, 578 So. 2d 1269, 1274 (Ala. 1991) (additional internal citations omitted)). However, the liability for civil conspiracy is based upon "the existence of the underlying wrong and [that] if the underlying wrong provides no cause of action, then neither does the conspiracy." *Hooper*, 956 So. 2d at 1141 (quoting *Ex parte*

*Alabama Dep't of Transp.*, 764 So. 2d 1263, 1271 (Ala. 2000)).  The ASU Defendants are entitled to summary judgment against the Plaintiffs' civil conspiracy claim because the Plaintiffs cannot prove an underlying wrong.

      8.      The ASU Defendants are due summary judgment against the Plaintiff Gil Berry's loss of business opportunity claim because there is no actual loss, and the alleged loss is not a result of any actions taken by the ASU Defendants.

      9.      To successfully state a claim for permanent injunctive relief, a plaintiff must show the following:

    1)    success on the merits;
    2)    a substantial threat of irreparable injury;
    3)    that the threatened injury to the plaintiff outweighs the harm the injunction may cause to the defendant; and
    4)    that the granting of an injunction will not disserve public interest.

*TFT, Inc. v. Warning Systems*, 751 So. 2d 1238, 1242 (Ala. 1999).  The Plaintiffs request for injunctive relief should not be granted as a matter of law because the Plaintiffs can not demonstrate that they will have any success on the merits.

      10.      President Lee and Chairman Dean are entitled to summary judgment against the Plaintiffs' failure to authorize payment claim because the Plaintiffs can not articulate and procedures that President Lee and Chairman Dean failed to follow. Additionally, President Lee and Chairman Dean had no legal authority to authorize payment to the Plaintiffs.

      11.      The Plaintiff Marous Brothers illegally performed construction and architectural services and thus neither Plaintiff are entitled to compensation for work related to these services.

4

12.     ASU is an instrumentality of the State of Alabama, and it is entitled to sovereign immunity against all of the Plaintiffs' claims.

13.     President Lee and Chairman Dean were performing discretionary and administrative acts at all times relevant to Plaintiffs' claims and they are entitled to state-agent/discretionary function immunity against the Plaintiffs' claims.

**WHEREFORE, PREMISES CONSIDERED** the ASU Defendants respectfully request that this Court grant summary judgment in its favor against all of the Plaintiffs' claims.

Respectfully Submitted,

/s/ Ramadanah M. Salaam-Jones
**KENNETH L. THOMAS (THO043)**
**RAMADANAH M. SALAAM-JONES (SAL026)**

**OF COUNSEL:**
**THOMAS, MEANS,GILLIS,& SEAY,  P.C.**
POST OFFICE DRAWER 5058
3121 ZELDA COURT
MONTGOMERY, ALABAMA 36103-5058
(334)270-1033
Fax: (334)260-9396

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following counsel of record via this Court's electronic filing system on this the 5th day of March, 2008:

Jock M. Smith, Esq.
**COCHRAN, CHERRY, GIVENS & SMITH, P.C.**
P.O. Box 830419
Tuskegee, Alabama 36083

Champ Lyons, III, Esq.
**KING, HORSLEY & LYONS, LLC**
One Metroplex Drive
Suite 280
Birmingham, Alabama 35209

J. Lister Hubbard, Esq.
R. Brooke Lawson, Esq.
**CAPELL & HOWARD, P.C.**
Post Office Box 2069
Montgomery, Alabama 36102-2069
(334) 241-8000
Fax: (334) 323-8888

/s/ Ramadanah M. Salaam-Jones
**OF COUNSEL**