**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

March 6, 2008

# NOTICE OF CORRECTION

**From:**  Clerk's Office

**Case Style:**  Marous Brothers Construction, LLC et al v. Alabama State University et al

**Case Number:**  2:07-cv-00384-ID

**This Notice of Correction was filed in the referenced case this date to attach the correct PDF documents previously attached.**

**The correct PDF documents are attached to this notice for your review.   Reference is made to document # 73 & # 74   filed on   March 05, 2008.**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MAROUS BROTHERS CONSTRUCTION, L.L.C., a corporation, and GIL BERRY, an individual and d/b/a GIL BERRY & ASSOCIATES, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| ALABAMA STATE UNIVERSITY, a public corporation; W. KEN UPCHURCH III, an individual; PERCY THOMAS, an individual; TCU CONSULTING SERVICES, L.L.C., a corporation; JOE A. LEE, individually and in his official capacity as President of Alabama State University; ELTON N. DEAN, SR., individually and in his officialcapacity as Chairman of the Board of Trustees of Alabama State University, | ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 2:07-CV-00384-ID-CSC |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF
GIL BERRY'S COMPLAINT and MOTION FOR FEES AND COSTS**

Defendants TCU Consulting Services, LLC, W. Ken Upchurch III, and Percy Thomas, pursuant to Rule 56 of the Federal Rules of Civil Procedure, move for entry of summary judgment in their favor as to each count of Plaintiff Gil Berry's First Amended Complaint. As discussed more fully in the Defendants' Brief in Support of Motion for Summary Judgment, there are no genuine issues as to any material facts with respect to such claims and, accordingly, the Defendants are entitled to a judgment as a matter of law. This motion is based upon the Brief in Support of Motion for Summary Judgment with supporting exhibits, filed contemporaneously herewith.

Defendants further move, pursuant to the Alabama Litigation Accountability Act, *Ala.Code* § 12-19-270 et seq., for entry of an order awarding Defendants their fees and costs against Plaintiff Berry.

WHEREFORE, Defendants TCU Consulting Services, LLC, W. Ken Upchurch III, and Percy Thomas respectfully request that this Court grant their Motion for Summary Judgment as to each count of Plaintiff Gil Berry's First Amended Complaint. Defendants also respectfully request that this Court award them their fees and costs against Plaintiff Berry.

/s/        R. Brooke Lawson III
**J. LISTER HUBBARD (HUB007)**
**R. BROOKE LAWSON III (LAW026)**

Attorneys for Defendants TCU Consulting Services, LLC, W. Ken Upchurch III, and Percy Thomas

OF COUNSEL:
**CAPELL & HOWARD, P.C.**
Post Office Box 2069
150 South Perry Street
Montgomery, Alabama 36102-2069
334/241-8000

**CERTIFICATE OF SERVICE**

 I hereby certify that a copy of the following was served on the following by electronic filing, on this the 5th day of March, 2008:

Kenneth L. Thomas, Esq.
Ramadanah M. Salaam-Jones, Esq.
Thomas, Means, Gillis & Seay, P.C.
P.O. Drawer 5058
Montgomery, Alabama 36103-5058

Jock M. Smith, Esq.
Cochran, Cherry, Givens & Smith, P.C.
306 North Main Street
P.O. Box 830419
Tuskegee, Alabama 36083

Champ Lyons, III
King, Horsley & Lyons, LLC
One Metroplex Drive
Suite 280
Birmingham, Alabama 35209

David E. Allred, Esq.
D. Craig Allred, Esq.
David E. Allred, P.C.
P.O. Box 241594
Montgomery, Alabama 36124-1594

              /s/   R. Brooke Lawson III
              Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MAROUS BROTHERS CONSTRUCTION, L.L.C., a corporation, and GIL BERRY, an individual and d/b/a GIL BERRY & ASSOCIATES, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| ALABAMA STATE UNIVERSITY, a public corporation; W. KEN UPCHURCH III, an individual; PERCY THOMAS, an individual; TCU CONSULTING SERVICES, L.L.C., a corporation; JOE A. LEE, individually and in his official capacity as President of Alabama State University; ELTON N. DEAN, SR., individually and in his officialcapacity as Chairman of the Board of Trustees of Alabama State University, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 2:07-CV-00384-ID-CSC |
| Defendants. | ) | |

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT AS TO PLAINTIFF GIL BERRY'S
COMPLAINT and IN SUPPORT OF MOTION FOR FEES AND COSTS**

Defendants TCU Consulting Services, LLC, W. Ken Upchurch III, and Percy Thomas (collectively "Defendants") submit the following brief in support of their motion for summary judgment on all claims asserted against them by Plaintiff Gil Berry ("Berry") in his First Amended Complaint (hereinafter the "Complaint) and their motion for fees and costs, filed contemporaneously herewith.

### I. STATEMENT OF UNDISPUTED FACTS

1. In 2005, defendant Alabama State University ("ASU") decided to study the possibility of renovating six of its student housing buildings. (Complaint, Doc. # 59, ¶ 11).

Plaintiff Gil Berry ("Berry"), working with Student Suites, Inc. entered into discussions with ASU about the renovation project. (*Id.* at ¶ 12).

2. Berry hired plaintiff Marous Brothers Construction to assist him in the preparation of a formal proposal for the project. (Complaint, Doc. # 59, ¶ 14). On or about September 20, 2005, Berry and Marous submitted their initial proposal to ASU. (Exhibit "A", Deposition of Gil Berry p. 156, lines 16-23; p. 157, lines 1-7; p. 158, lines 8-13).

3. From the period December 2005 until May 15, 2006, Marous performed a number of preconstruction services for Berry on the ASU project. (Exhibit "B", Deposition of Arne Goldman, Marous' corporate representative, p. 199, lines 16-23; p. 200, lines 1-3). On May 15, 2006, Berry and Marous submitted to ASU their Scope of Work for the project, which detailed the proposed renovations, including pricing and layout. (Ex. B, p. 204, lines 13-23; p. 205, lines 1-6; p. 206, lines 6-11).

4. On or about July 28, 2006, defendant TCU Consulting Services, LLC was retained by ASU to serve as the owner's representative. (Complaint, Doc. # 59, ¶ 26).

5. On or about September 22, 2006, the ASU Board of Trustees elected not to accept the proposal submitted by Berry and Marous for the dorm renovation project. (Exhibit "C", letter from ASU to Berry).

## II.   ARGUMENT

In determining the propriety of summary judgment, the court must test the elements of each cause of action against the materials before it to determine whether genuine issues of material fact exist. In the instant case, Berry asserts six claims against Defendants: Quantum Meruit (Count Two); Fraudulent Misrepresentation (Count Three); Tortious Interference with Business Relations (Count Five); Conversion (Count Six); Conspiracy (Count Seven); and

2

Loss of Business Opportunity (Count Eight). As established herein, Defendants are entitled to summary judgment as a matter of law on all claims asserted against them by Plaintiff Berry.

**A.    COUNT TWO (QUANTUM MERUIT): DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON BERRY'S QUANTUM MERUIT CLAIM BECAUSE BERRY VOLUNTARILY RELINQUISHED SUCH CLAIM IN HIS DEPOSITION.**

During his deposition, Berry and his counsel of record voluntarily relinquished his claim for quantum meruit. (Ex. A, p. 580, lines 18-23; p. 581, lines 1-7). Accordingly, Defendants are entitled to summary judgment as a matter of law as to Count Two of Berry's Complaint.

**B.    COUNT THREE (FRAUDULENT MISREPRESENTATION): DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON BERRY'S FRAUDULENT MISREPRESENTATION CLAIM.**

The crux of Berry's claim for fraudulent misrepresentation is that Defendants represented "that they believed that the Plaintiffs' proposal was the best and most fair proposal and that ASU should move forward with the Plaintiffs' proposal immediately." (Complaint, Doc. # 59, ¶ 55).[1]

In order to survive a summary judgment on his fraud claim, Berry must present substantial evidence indicating that there is a genuine issue of material fact as to whether Defendants (1) made a false representation (2) of a material existing fact (3) reasonably relied upon by the plaintiff (4) who suffered damage as a proximate consequence of the misrepresentation. *Fisher v. Comer Plantation, Inc.*, 772 So. 2d 455, 463 (Ala. 2000) (quoting *Baker v. Bennett*, 603 So. 2d 928, 935 (Ala. 1992)). *See also Foremost Ins. Co. v. Parham*, 693 So. 2d 409, 422 (Ala. 1997); *Ala. Code* § 6-5-101 (1975).[2]

---

[1] Berry admits that these are the only allegedly fraudulent statements made by Defendants. (Ex. A, p. 596, lines 7-11; p. 609, lines 19-23; p. 610, lines 1-10).

[2] *See Brushwitz v. Ezell*, 757 So. 2d 423, 429 (Ala. 2000) (in order to satisfy the reliance element of a fraud claim, the plaintiff must show not only that he relied on the alleged misrepresentation, but also

3

1.  **EXPRESSIONS OF OPINION CANNOT FORM THE BASIS OF A FRAUD CLAIM.**

Berry admits he never heard TCU or Upchurch say his proposal was the "best" or "most fair" and that he knows nothing about such allegations. (Ex. A, p. 582, lines 10-19). Berry does, however, claim that defendant Thomas told him it was a fair proposal, which Berry apparently contends was a fraudulent misrepresentation of fact. (*Id.* at p. 583, lines 1-8).

While these representations may have occurred, the Alabama Supreme Court has made it clear that representations of "opinion" are not actionable under Alabama's fraud law and are due to be dismissed on summary judgment. As noted in *Jones v. McGuffin*, 454 So. 2d 509, 512 (Ala. 1984), "it is axiomatic that mere statements of opinion are not material facts upon which actions for a legal fraud can be maintained." *See also Crowne Investments, Inc. v. Bryant*, 638 So. 2d 873, 877 (Ala. 1994) ("expression of opinion is not treated as a statement of an 'existing fact' under the fraud statute"); *Ray v. Montgomery*, 399 So. 2d 230, 232 (Ala. 1980) (seller's representation to plaintiff buyer that house was "a nice house" and "in good condition" was mere opinion and not actionable fraud); *Cornelius v. Austin*, 542 So. 2d 1220, 1222 (Ala. 1989) (fraud action cannot be maintained where seller expressed opinion that there were "no problems" with house). The representations alleged by Berry are of a similar nature – mere expressions of opinion. In fact, Berry testified that the alleged misrepresentations by Defendants were matters of opinion and that he has no reason to doubt that Defendants held such opinions.

> A:  Percy told me that it was a fair proposal.
>
> Q:  Okay. So, you heard Percy say that?
>
> A:  Percy had said that.
>
> Q:  And that was his opinion?

---

that the reliance was *reasonable* in light of the facts surrounding the transaction in question).

> A: That was his opinion.
>
> Q: You don't have any reason to doubt that that was his opinion, do you?
>
> A: No. I have no reason to doubt that.
>
> Q: He's entitled to his opinion?
>
> A: He's entitled to his opinion.

(Ex. A, p. 583, lines 4-16).

> Q: Just as you don't know how it is that them telling you that your proposal was the best and most fair, how that's false or fraudulent? Because you, yourself, have said that your proposal was the best and most fair.
>
> A: It was the only one.
>
> Q: And they've concurred with your opinion?
>
> A: On that proposal.
>
> Q: Okay. And you have no evidence as we sit here today that it was not their opinion, when they allegedly said that yours was the best and most fair, that they didn't believe that, correct?
>
> A: On our proposal to ASU, correct.

(Ex. A, p. 589, lines 5-20). In *Jones*, the Alabama Supreme Court held that plaintiff's testimony admitting that the defendant's representations were matters of "professional opinion" conclusively established that the plaintiff was not justified in treating such statements as material facts upon which he could rely. *Jones*, 454 So. 2d at 512. Thus, based on Berry's own admissions, and the clear mandate of *Jones v. McGuffin*, Defendants are entitled to summary judgment as a matter of law.

Similarly, Berry's claim that Defendants committed fraud by representing that ASU "should move forward" with Plaintiffs' proposal does not constitute actionable fraud. "A

5

mere statement of opinion or prediction as to events to occur in the future is not a statement of a 'material fact' upon which individuals have a right to rely and, therefore, it will not support a fraud claim." *Bryant*, 638 So. 2d at 877; *see also Lawson v. Cagle*, 504 So. 2d 226, 227 (Ala. 1987) ("Ordinarily, a prediction as to events to occur in the future is to be regarded as a statement of opinion only, on which the adverse party has no right to rely"); *Birmingham Broadcasting Co. v. Bell*, 68 So. 2d 314 (Ala. 1953). Berry admits he knew that the decision of whether or not to accept the proposal and hire Berry was ASU's, not TCU's. (Ex. A, p. 569, lines 7-16).

### 2. BERRY DID NOT REASONABLY RELY ON THE ALLEGED REPRESENTATIONS OF TCU, UPCHURCH OR THOMAS.

As noted above, in order to satisfy the reliance element of a fraud claim, the plaintiff must show not only that he relied on the alleged misrepresentation, but also that the reliance was reasonable in light of the facts surrounding the transaction in question. *Brushwitz v. Ezell*, 757 So.2d 423, 429 (Ala. 2000). In the instant case, even assuming *arguendo* that Defendants made the alleged representations and that the representations concerned existing material facts, Defendants are entitled to summary judgment on Berry's fraud claim because the facts and circumstances demonstrate that Berry did not rely (reasonably or otherwise) on Defendants' alleged representation. In fact, there is substantial and undisputed evidence to the contrary.

In particular, as conceded by Berry during his deposition, he did <u>nothing</u> in reliance on the alleged fraudulent misrepresentations made by Defendants.

> Q: Okay. So, you didn't do anything then in reliance on their statement that they believed that your proposal was the best?
>
> A: No.

> Q: Likewise, you claim that they made the false representation that they believed that your proposal was the most fair. Okay?
>
> A: Uh-huh (affirmative).
>
> Q: What did you do in reliance on that representation?
>
> A: Nothing.
>
> Q: Nothing. Okay. So, you didn't – had they not said that, you would have still attended the board meeting?
>
> A: That's correct.
>
> Q: And you still would have come down here and looked for a place to live?
>
> A: That's correct.
>
> Q: And you had already submitted your proposal, scope of work and invoices and done all of that work?
>
> A: That is correct.
>
> Q: So, none of that was done in reliance on anything that Ken Upchurch, Percy Thomas or TCU said or didn't say?
>
> A: That is correct.
>
> \*          \*          \*          \*          \*
>
> Q: So, you didn't rely in any way on their statement that they believed ASU should move forward?
>
> A: Correct.
>
> Q: You didn't do anything differently that you hadn't already done?
>
> A: That's correct.

(Ex. A, p. 599, line 23; p. 600, lines 1-23; p. 601, lines 1-3, 13-19).

7

> Q: Would you have withdrawn your proposal had they not said yours was the best or most fair?
>
> A: No.

(Ex. A, p. 611, lines 12-15).

Based upon Berry's own admissions, a jury could not reasonably infer that Berry reasonably relied upon Defendants' alleged representations that his proposal was the best and most fair and that ASU should move forward with the proposal. Accordingly, Defendants are entitled to summary judgment on Berry's fraud claims (Count Three).

### C. COUNT FIVE (TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS): DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON BERRY'S TORTIOUS INTERFERENCE CLAIM BECAUSE TCU WAS AT ALL TIMES ACTING AS AN AGENT AND REPRESENTATIVE OF ASU.

Berry claims Defendants tortiously interfered with the business relations and implied contract between Berry and defendant ASU to the detriment of Berry.

In order to survive a motion for summary judgment on his tortious interference claim, Berry must present substantial evidence of (1) the existence of a contract or business relation; (2) the defendant's knowledge of the contract or business relation; (3) intentional interference by the defendant with the contract or business relation; (4) the absence of justification for the defendant's interference; and (5) damage to the plaintiff as a result of the interference. *Parsons v. Aaron*, 849 So. 2d 932 (Ala. 2002). After proving the existence of a contract or business relation, "it is essential to a claim of tortious interference . . . that the plaintiff establish that the defendant is a 'third party,' i.e., a 'stranger' to the contract [or business relation] with which the defendant allegedly interfered." *Parsons*, 849 So. 2d at 946 (quoting *BellSouth Mobility, Inc. v. Cellulink, Inc.*, 814 So. 2d 203, 212 (Ala. 2001). If the defendant is not a stranger to the contract or business relation, he cannot be liable for tortious interference.

1. **DEFENDANTS WERE NOT STRANGERS TO THE CONTRACT OR BUSINESS RELATION.**

In the present case, Defendants served as the owner's representative for ASU on the dorm renovation project at issue herein. Defendants were retained by ASU to, among other things, review Berry's proposal, monitor schedules, review cost estimates, facilitate cost adjustment schedules, and review proposed contract documents. Berry admits he knew that Defendants were involved in the business relationship between Berry and ASU and that, as ASU's owner's representative, Defendants would be reviewing Plaintiffs' proposal for ASU and making various recommendations to ASU.

> Q:  So, you understood then at the time they came on, "they" being TCU, that their role was to review the proposal, the scope of work and any other documents you and Marous had submitted for President Lee to enlighten him as to what was in those documents?
>
> A:  Yes, sir.

(Ex. A, p. 512, lines 3-10); (*see also* p. 625, line 23; p. 626, lines 1-17; p. 627, lines 3-9; p. 629, lines 7-13; Complaint, Doc. # 59, ¶¶ 26, 29, 71). Certainly, as owner's representatives, Defendants were not "strangers" to the business or contractual relationship between Berry and ASU, a fact Berry himself admits.

> Q:  So, he's no stranger and TCU's no stranger to the relationship between you and ASU, is he?
>
> A:  No.

(Ex. A, p. 628, lines 8-11).

\*       \*       \*       \*       \*

> Q:  So, again, they're not any sort of stranger to your implied contract between you and ASU, are they?
>
> A:  That is correct.

9

(Ex. A, p. 629, lines 14-17). *See Waddell & Reed, Inc. v. United Investors Life Ins. Co.*, 875 So. 2d 1143, 1156 (Ala. 2003) ("one cannot be guilty of interference with a contract even if one is not a party to the contract so long as one is a participant in a business relationship arising from interwoven contractual arrangements that include the contract"); *BellSouth*, 814 So. 2d at 212 ("one is not a stranger to the contract just because one is not a party to the contract"); *Tom's Foods, Inc. v. Carn*, 896 So. 2d 443 (Ala. 2004) (party to "interwoven set of contracts" or business relations cannot be liable for tortiously interfering with contract or business relation to which it is a party).[3] Because Defendants were not strangers to the implied contract or business relation between Berry and ASU, they cannot be liable for allegedly interfering with such contract or business relation.

Berry further admits in his Complaint that all of the alleged acts of interference were done within the scope of Defendants' duties as agent of ASU. (*See* Complaint, Doc. # 59, ¶ 71 ("used their confidential relationships as owner's representatives") and ¶ 72 ("abused their position as owner's representatives")). A defendant cannot be liable for the tort of tortious interference where all of his acts of interference were done within the scope of his duties as agent to a party to the contract or business relation. *See Waddel*, 875 So. 2d at 1152, *quoting with approval, Atlanta Market Ctr. Mgmt. Co. v. McLane*, 503 S.E.2d 278, 282 (Ga. 1998) ("alleged interferer is not a stranger to the contract and thus not liable for tortious interference where the alleged interferer was the *agent for one of the parties to the contract* . . . and all the purported *acts of interference were done within the scope of the interferer's duties as agent*") (emphasis added); *Parsons*, 849 So. 2d at 947 (agent for party to contract or business relation cannot be liable for tortiously interfering with such contract or business relation); *BellSouth*,

---

[3] Berry even admits that he "welcomed" TCU's involvement in the project. (Ex. A, p. 513, lines 19-23; p. 514, lines 1-2).

10

814 So. 2d at 214 (defendant is party in interest to a relationship if defendant has any beneficial or economic interest in, or control over, that relationship).

Based upon the undisputed facts and Alabama law, Defendants are entitled to summary judgment as a matter of law as to Berry's tortious interference claim (Count Five).

### 2. THERE IS NO EVIDENCE THAT DEFENDANTS TORTIOUSLY INTERFERED WITH BERRY'S BUSINESS OR CONTRACTUAL RELATIONSHIP WITH ASU.

Berry claims in his Complaint that Defendants tortiously interfered with his business or contractual relationship with ASU by misrepresenting the fees Plaintiffs would receive under Plaintiffs' proposal. (Complaint, Doc. # 59, ¶¶ 30 and 70). However, Berry admits in his deposition that he has no evidence that TCU, Upchurch or Thomas ever misrepresented to ASU the amount of fees Plaintiffs would earn.

> Q:   Okay. So, the allegation then in the second sentence of Paragraph 30, that Ken Upchurch, Percy Thomas and TCU recommended to the ASU board that SSBGA [Gil Berry's company] and Marous should not be awarded the professional services contract due to this alleged abusive fee submission, you don't have any evidence whatsoever to support that allegation in your complaint, do you?
>
> A:   I don't.

(Ex. A, p. 564, lines 11-20); (*see also* p. 559, lines 11-18; p. 630, lines 5-8). Based on Berry's admission, Defendants are entitled to summary judgment on his tortious interference claim.

### D. COUNT SIX (CONVERSION): DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON BERRY'S CONVERSION CLAIM BECAUSE THERE IS NO EVIDENCE THAT DEFENDANTS WRONGFULLY APPROPRIATED PLAINTIFF'S PROPRIETARY WORK PRODUCT.

Berry claims in Count Six of his Complaint that the Defendants "wrongfully appropriated Plaintiffs' proprietary work product to their own use and beneficial enjoyment in

11

exclusion of Plaintiffs' rights of ownership and to compensation" after representing that Plaintiff would be compensated for such work. (Complaint, Doc. # 59, ¶¶ 75-78).

In order to survive a motion for summary judgment on a conversion claim, Berry must offer material evidence of a wrongful taking, wrongful detention, an illegal assumption of ownership, or an illegal use or misuse. *White v. Drivas*, 954 So. 2d 1119, 1123 (Ala. Civ. App. 2006). A conversion consists "either in the appropriation of the thing to the party's own use and beneficial enjoyment, or its destruction, or in exercising of dominion over it, in exclusion or defiance of the plaintiff's right, or in withholding the possession from the plaintiff, under a claim of title inconsistent with his own." *White*, 954 So. 2d at 1123 (quoting *Clardy v. Capital City Asphalt Co.*, 477 So. 2d 350, 352 (Ala. 1985). However, the "bare possession of property without some wrongful act in the acquisition of possession, or its detention, and without illegal assumption of ownership or illegal user or misuser, is not conversion." *Clardy*, 477 So. 2d at 352.

Berry admits he has no evidence that Defendants wrongfully appropriated his work product or that they are in any way using his proprietary work as alleged in the Complaint. (Ex. A, p. 571, lines 16-23; p. 655, lines 3-23; p. 657, lines 4-9; p. 661, lines 9-11). In fact, Berry admits he has no evidence that Defendants even have in their possession anything belonging to Plaintiffs.

> Q: So, you don't know that TCU has anything in their possession belonging to you, do you?
>
> A: No, I don't.
>
> Q: Okay. So, you have no evidence that they've wrongfully withheld possession of any of your work product, correct?
>
> A: Any of mine, no.

12

      \*    \*    \*    \*    \*

  Q:  Okay. And, again, you have no evidence that they're using your work product in the renovation of the ASU dormitories?

  A:  That's correct.

(Ex. A, p. 665, lines 16-23; p. 666, lines 8-11). Berry further admits Defendants did not appropriate his work product to the exclusion of Plaintiffs. In other words, Plaintiffs at all times had copies of their work product for use on the ASU or any other project. (Ex. A, p. 663, lines 7-13; p. 664, lines 3-13). Finally, the evidence shows that Defendants returned Plaintiffs' work product to them after ASU elected not to accept their proposal. (Ex. A, p. 395, lines 8-19; Exhibit "D", letter transmitting materials to Plaintiffs).

Based upon the undisputed facts, Defendants are entitled to summary judgment as a matter of law on Berry's conversion claim (Count Six).

E.  **COUNT SEVEN (CONSPIRACY): DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON BERRY'S CONSPIRACY CLAIM BECAUSE THE UNDERLYING TORT CLAIM FAILS.**

Berry claims in Count Seven of his Complaint that the Defendants "conspired together to intentionally interfere with the business relationship and implied contract between Plaintiffs and ASU." (Complaint, Doc. # 59, ¶ 81).

For the reasons stated above, Defendants are entitled to summary judgment as a matter of law as to Berry's claim for tortious interference. Moreover, as agents of ASU, Defendants cannot be liable for tortious interference as alleged by Berry. Under Alabama law, "[a] civil conspiracy cannot exist in the absence of an underlying tort," as the civil conspiracy itself furnishes no cause of action. *Goolesby v. Koch Farms, LLC*, 955 So. 2d 422, 430 (Ala. 2006); *O'Dell v. State ex rel. Patterson*, 117 So. 2d 164, 168 (Ala. 1959). Because the underlying tortious interference claim fails, Defendants are entitled to summary judgment as a

matter of law as to Berry's conspiracy claim (Count Seven). *See Massengill v. Malone Freight Lines, Inc.*, 538 So. 2d 784, 786 (Ala. 1988) (conspiracy claim fails where plaintiff failed to establish prima facie case of tortious interference).

**F.    COUNT EIGHT (LOSS OF BUSINESS OPPORTUNITY): DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON BERRY'S LOSS OF BUSINESS OPPORTUNITY CLAIM BECAUSE PLAINTIFF HAS PRESENTED NO EVIDENCE OF LOST BUSINESS.**

Berry claims in Count Eight of his Complaint that "Defendants' actions directly and proximately caused Plaintiffs to lose significant business opportunities." Even if this were a legally cognizable claim under Alabama law, Berry admits in his deposition that he experienced no lost business opportunities as a result of anything Defendants did or did not do.

> Q:    So, really at this point in time, you have no lost business opportunities then, do you?
>
> A:    No.

(Ex. A, p. 672, lines 21-23; p. 673, line 1).[4] Based on Berry's own admission, Defendants are entitled to summary judgment as a matter of law on his claim for loss of business opportunity (Count Eight).

**G.    DEFENDANTS ARE ENTITLED TO THEIR FEES AND COSTS PURSUANT TO THE ALABAMA LITIGATION ACCOUNTABILITY ACT.**

The Alabama Litigation Accountability Act provides:

> (a) . . . [I]n any civil action commenced or appealed in any court of record in this state, the court shall award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorney's fees and costs against any attorney or party, or both, who has brought a civil action, or asserted a claim therein, or interposed a defense, that a court determines to be without substantial justification, either in whole or in part;

---

[4] Defendants have been unable to locate any Alabama precedent for such a legal theory.

14

> (c) The court shall assess attorney's fees and costs against any party or attorney if the court, upon the motion of any party or on its own motion, finds that an attorney or party brought an action or any part thereof, or asserted any claim or defense therein, that is without substantial justification . . .

*Ala.Code* § 12-19-272(a) and (c).[5]

As discussed more fully above, the claims brought by Berry against Defendants were groundless both in law and in fact. Accordingly, Defendants' fees and costs should be taxed against Berry pursuant to the Alabama Litigation Accountability Act.

### III.   CONCLUSION

For the foregoing reasons, Defendants are entitled to summary judgment on all claims asserted against them by Plaintiff Gil Berry in his First Amended Complaint: Quantum Meruit (Count Two); Fraudulent Misrepresentation (Count Three); Tortious Interference with Business Relations (Count Five); Conversion (Count Six); Conspiracy (Count Seven); and Loss of Business Opportunity (Count Eight). Further, Defendants' fees and costs should be taxed against Berry pursuant to the Alabama Litigation Accountability Act.

/s/          R. Brooke Lawson III
**J. LISTER HUBBARD (HUB007)**
**R. BROOKE LAWSON III (LAW026)**

Attorneys for Defendants TCU Consulting Services, LLC, W. Ken Upchurch III, and Percy Thomas

OF COUNSEL:
**CAPELL & HOWARD, P.C.**
Post Office Box 2069
150 South Perry Street
Montgomery, Alabama 36102-2069
334/241-8000

---

[5] "Without substantial justification" means that such action or claim is frivolous or "groundless in fact or in law". *Ala.Code* § 12-19-271.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the following was served on the following by electronic filing, on this the 5th day of March, 2008:

Kenneth L. Thomas, Esq.
Ramadanah M. Salaam-Jones, Esq.
Thomas, Means, Gillis & Seay, P.C.
P.O. Drawer 5058
Montgomery, Alabama 36103-5058

Jock M. Smith, Esq.
Cochran, Cherry, Givens & Smith, P.C.
306 North Main Street
P.O. Box 830419
Tuskegee, Alabama 36083

Champ Lyons, III
King, Horsley & Lyons, LLC
One Metroplex Drive
Suite 280
Birmingham, Alabama 35209

David E. Allred, Esq.
D. Craig Allred, Esq.
David E. Allred, P.C.
P.O. Box 241594
Montgomery, Alabama 36124-1594

/s/        R. Brooke Lawson III
Of Counsel