IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2008 MAR 11   P 12: 25

MAROUS BROTHERS CONSTRUCTION, )
LLC, et al.,  *Gil Berry v. ASU* )
                                )
       Plaintiffs,              )
                                )   Case No: 2:07-cv-00384-ID-csc
v.                              )
                                )
ALABAMA STATE UNIVERSITY, et al., )
                                )
       Defendants.              )

## OPPOSITION TO MOTION TO WITHDRAW

Plaintiff Gil Berry hereby opposes the Motion to Withdraw filed by Champ Lyons, III, and Jock Smith on February 29, 2008. In opposition to the Motion, Plaintiff Berry states as follows:

1. On December 3, 2007, Mr. Lyons and Mr. Smith appeared on behalf of Plaintiff Berry.

2. On February 26, 2008, Plaintiff Berry received a letter from Mr. Lyons indicating his desire to withdraw as counsel. Plaintiff Berry immediately registered his opposition to Mr. Lyons's withdrawal.

3. On February 29, 2008, Mr. Lyons and Mr. Smith filed the Motion. The Motion was thus filed less than a week before the dispositive motion deadline in this case.

4. In addition, the Motion was filed a mere two months before the discovery deadline in this case. Since December 3, 2007, Mr. Lyons and Mr. Smith have conducted no discovery on behalf of Plaintiff Berry.

5.      Because of the timing of the Motion, and the lack of diligent discovery by Mr. Lyons and Mr. Smith, Plaintiff Berry will suffer a material adverse effect by their withdrawal. Mr. Berry has been unable, despite a diligent search, to locate counsel to replace Mr. Lyons and Mr. Smith.

6.      Furthermore, Plaintiff Berry is unaware of any circumstances that would give rise to an obligation or a right for Mr. Lyons and Mr. Smith to withdraw under the Rules of Professional Conduct.

WHEREFORE, Plaintiff Berry requests an order from this Court denying the Motion to Withdraw.

DATED: March 10, 2008.

Respectfully submitted,

*Gilbert Berry*

Gil Berry
{ADDRESS} 721 ACORN LANE JEFFERSON HILLS PA 15025
{PHONE NUMBER} 412-720-1448
Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served upon the following by placing same in the U.S. Mail postage prepaid and properly addressed on this the 10th day of March 2008:

Champ Lyons, III
King, Horsley & Lyons, LLC
One Metroplex Drive
Suite 280
Birmingham, AL 35209
205-871-1310
Fax: 205-871-1370
Email: champ@champlyons.com

Jock Michael Smith
Cochran, Cherry, Givens & Smith
PO Box 830419
Tuskegee, AL 36083
(334) 727-0060
Fax: 334-727-7197
Email: jsmith@cochranlawtuskegee.com

Kenneth Lamar Thomas
Ramadanah Maryum Salaam-Jones
Thomas Means Gillis & Seay PC
PO Drawer 5058
Montgomery, AL 36103-5058
334-270-1033
Fax: 260-9396
E-mail:     klthomas@tmgslaw.com
            rsjones@tmgslaw.com

Joseph Lister Hubbard
R. Brooke Lawson, III
Capell Howard PC
PO Box 2069
Montgomery, AL 36102-2069
334-241-9000
Fax: 334-323-8888
E-mail:     jlh@chlaw.com
            rbl@chlaw.com

_/s/ Gilbert Perry_

*Gil Berry and Associates*
Construction Management
and Developer

721 Acorn Lane
Jefferson Hills, PA 15025
412-965-0466
Toll Free: 1-888-813-9854

March 9, 2008

Jock M. Smith, Attorney at Law
Cochran, Cherry, Givens & Smith, P.C.
306 North Main Street
Post Office Box 830419
Tuskegee, Alabama 36083

Dear Jock,

This letter is in reference to Case No. 2:07-CV-384-ID.

I spoke to you and your assistant, Brian P. Strength in October of 2007. After careful review, both you and Brian decided this was a case you would like to undertake. I met with Brian on November 6, 2007 in your Tuskegee office, accompanied by James Harrell. I delivered several boxes of documents that substantiated my case, and spent several hours going through the files and case history. I signed a professional service agreement presented by Mr. Strength, stating you would receive 40% of the total recovery. I had no problem signing the agreement, feeling I was in capable hands with a great law firm. Brian stated he would immediately issue subpoenas and take lengthy depositions on the list supplied to him. I left your office feeling my case would be handled in a professional manner with hopes of a positive resolution to this serious problem.

Shortly after I received a phone call and e-mail from Brian stating he would be leaving your firm. He assured me I need not worry, you had my best interests at heart, and that he had spoken to Champ Lyons, III who was eager to step in and assist you with my case. I received an e-mail from Mr. Lyons reassuring me that even though Brian was no longer with the firm, I did not need to worry and I was in good hands. I commented that Brian said the same thing. He gave me his cell phone number and told me he was working with the defendant's attorneys to schedule my deposition. My deposition was scheduled for January 22, 2008. I received a call from Mr. Lyons assistant on January 20, 2008, a few hours before my flight was scheduled to depart Pittsburgh, requesting we cancel my deposition. I informed his assistant my tickets were purchased three weeks earlier and I had made hotel reservations. After calling your office and Mr. Lyons office, we were able to proceed with my deposition as scheduled.

My deposition on day one was taken by Kenny Thomas who represented Alabama State University, President Lee, and Chairman Elton Dean. During the break for lunch, Mr. Lyons stated the deposition was going very well and he felt he could settle the case prior to going to trial. At the end of day one, Mr. Lyons confirmed his feelings that things were going very well, and I agreed.

On day two my deposition was taken by Capel & Howard, P.C. Overall, most of the content on this day dealt with claims Marous Brothers made against TCU, Upchurch, and Percy Thomas, such as the use of their work product, and conversations between Upchurch and Arne Goldman regarding scope of work. Also discussed were phone calls made by Josh Moon to me regarding the July 22, 2007 Montgomery Advertiser newspaper article. The phone log showed numerous calls were made. I explained these calls were not related to the July 22 story. Mr. Moon quotes in this article "Mr. Berry and Marous Brothers could not comment on the ASU story because Mr. Berry was reprimanded by his attorneys for pervious comments."

1

On February 26, 2008 I received a letter from Champ Lyons, III via Federal Express, attempting to withdraw as my attorney and questioning my credibility. I immediately e-mailed Mr. Lyons stating that I was not releasing him as my legal council.

Also included in the February 26 letter was Mr. Lyon's indication of my poor billing records. These billings were approved by Judge Wiggins and Freddie Gallo of ASU. He also discusses dealing with bond council for ASU, stating they will testify that they did not use Marous Brothers work product for financing. The $25,000,000.00 amount issued for the bond, the six suite style units indicated in the bond documents, and the fact that we were the only company compiling the schedules, costs, and scope of work indicate they, in fact, did use our work product.

Mr. Lyons states in his correspondence that he cannot justify the time and expense (on a contingency fee) of taking this case through trial. The 40% service agreement was a contingency fee. Mr. Lyons states that ASU attorneys will not settle, and even if we go to court and win they will appeal. He also states I have exposure on my counterclaim by TCU. Your firm was aware of the counterclaim prior to signing the agreement.

On both days of my deposition, it was on record that I am on medication for hypertension. The second day I stated on record that I did not take my medication until approximately 2 hours into my deposition. You are well aware of the effects of high blood pressure, having handled many medical cases.

Mr. Lyon's letter has had a detrimental affect on my health, my blood pressure is elevated, I am experiencing muscle spasms in my back and neck, and numbness in my arm. I have cancelled several appointments over the past few weeks due to this.

I hired your firm in early November of 2007. During the past five months no depositions have been taken on the defendants, no subpoenas have been served, and no discovery has been taken. The courts have set benchmarks for this to take place and nothing has been done except for my and Arne Goldman's depositions. Summary judgment was to take place by March 5, April 28 for depositions, and trial to begin in June. We need to begin immediately with depositions and discovery.

As I previously stated, I have not released your law firm from representing me. We need to move forward with a vigorous defense. It is my understanding that Honorable Ira DeMent is a no-nonsense judge, and he will allow us to have our day in court.

I respectfully request you reply to this letter within 24 hours.

Sincerely yours,

Gilbert Berry

Cc Champ Lyons, III

2