IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MAROUS BROTHERS CONSTRUCTION, ) <br> LLC, a corporation, *et al.*, ) <br> ) <br>    Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ALABAMA STATE UNIVERSITY, *et al.*, ) <br> ) <br>    Defendants. ) | Case No. 2:07cv384-ID |

**ORDER**

Before the court is Counsel for Plaintiff Gil Berry's Motion to Withdraw, filed February 29, 2008. (Doc. No. 68.) Plaintiff Gil Berry ("Berry") filed an Opposition to Motion to Withdraw on March 11, 2008. (Doc. No. 85.) In his Opposition, Berry asserts, among other things, that several critical deadlines rapidly are approaching, that despite a "diligent search" he has been unable as of date to find new counsel and that, consequently, he would "suffer a material adverse effect" if his counsel are permitted to withdraw at this phase of the litigation. (Id.) Berry attaches as an exhibit to his Opposition a letter he wrote to his counsel. In that letter, Berry summarizes his opposition to the Motion to Withdraw and details the controversies between him and his counsel. (Id.) On March 12, Counsel for Berry filed a Reply in support of the Motion to Withdraw (Doc. No. 85) and by separate pleading filed Motions to Continue Trial, to Extend Discovery Cutoff and to Continue Dispositive Motion Deadlines. (Doc. No. 86.) Counsel for Berry assert that a continuance would provide Berry "full opportunity to find new counsel" and that, due to "the number of parties and lawyers involved and . . . the

delay by prior counsel for scheduling depositions," counsel for Berry have been unable to conduct discovery and amass sufficient evidence to rebut the recently-filed summary judgment motions.[1] (Doc. No. 86 at 2.) No other party has objected to a continuance. (See Doc. No. 69.)

After careful consideration of the relevant pleadings, the court concludes that the attorney-client relationship between Berry and his counsel has deteriorated, that the disputes are irreconcilable and that, therefore, Counsel for Berry's Motion to Withdraw is due to be granted. Furthermore, the court finds that, without continuing the trial and other deadlines and permitting Berry sufficient time to find new counsel, Berry will suffer substantial prejudice. The court, thus, finds that a continuance is necessary.

Accordingly, it is CONSIDERED and ORDERED that Counsel for Plaintiff Gil Berry's Motion to Withdraw (Doc. No. 68) be and the same is hereby GRANTED and that Berry has until **April 30, 2008**, to find new counsel and to have said counsel make an appearance in this matter.

It is further CONSIDERED and ORDERED that the Motion to Continue (Doc. No. 86) be and the same is hereby GRANTED and that the trial of this cause, presently set on the term of court commencing June 23, 2008, be and the same is hereby

---

[1] Berry's attorneys also stress in their pleadings that they were not Berry's original counsel and made appearances in this case on Berry's behalf on December 3, 2007 (Doc. Nos. 48-49), five months after the complaint was filed. (Doc. No. 86 at 1 n.1); (Doc. No. 87 at 1.)

2

CONTINUED to the term of court commencing **January 12, 2009**.[2]  The pretrial hearing presently scheduled on May 19, 2008, is hereby CONTINUED to **December 2, 2008**.

It is further CONSIDERED and ORDERED that the Motion to Extend Discovery Cutoff (Doc. No. 86) be and the same is hereby GRANTED and that the deadline for the completion of discovery, as set forth in § 6 of the Uniform Scheduling Order (Doc. No. 20), is hereby EXTENDED to and including **November 12, 2008**.

It is further CONSIDERED and ORDERED that the Motion to Continue Dispositive Motion Deadlines (Doc. No. 86) be and the same is hereby GRANTED and that the deadline for filing dispositive motions, as set forth in § 2 of the Uniform Scheduling Order (Doc. No. 20), is hereby EXTENDED to and including **September 2, 2008**.  Based upon the representations of counsel for Berry that discovery is in its infancy, all pending summary judgment motions (Doc. Nos. 71, 73, 76, 77) be and the same are hereby DENIED without prejudice, with leave to re-file with supplemental proof, if any, at a later date after discovery has sufficiently progressed.

All other deadlines in the Uniform Scheduling Order shall remain in full force and effect.  No more continuances shall be granted.

DONE this 19th day of March, 2008.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] After careful consideration, the court has concluded that setting the trial on the court's next term of court in October 2008 would not accommodate the requested extensions and likely would result in new counsel requesting a further continuance.

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

   (a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

   (b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

   (c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

   (d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

   (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).