IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MAROUS BROTHERS CONSTRUCTION, LLC, a corporation, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 2:07-CV-0384-ID ) |
| ALABAMA STATE UNIVERSITY, et al., | ) ) |
| Defendants. | ) |

**ORDER**

Before the court is Defendants TCU Consulting Services, LLC, W. Ken Upchurch, III, and Percy Thomas Renewed Motion for Summary Judgment as to Plaintiff Gill Berry's Complaint and Motion for Fees and Costs (Doc. 98, filed August 29, 2008). Plaintiff Gil Berry is DIRECTED to file a response to said motion on or before September 16, 2008. Defendants may file a reply, if desired, on or before September 23, 2008. Thereafter, Defendants' motion for summary judgment, and all pleadings and evidence filed in support of, or in opposition to said Motion, shall be DEEMED submitted to the court.[1]

---

[1] This submission is **without oral argument**. Should the court determine that oral argument is necessary, a hearing will be scheduled. If the nonmoving party fails to respond, a final judgment may be entered without further notice or trial. See Fed. R. Civ. P. 56(e). **The moving party's evidence may be accepted as true if it is not contradicted by the opposing party**. Id. The contradiction must be supported by evidence which may include, but is not limited to, affidavits and depositions. Any evidence, and in particular deposition testimony, must be cited to **with specificity and particularity**. Id. If deposition testimony is submitted and relied upon, the parties shall direct the court to **specific testimony** which either does or does not "set forth specific facts showing that there is a genuine issue for trial." Id. Summary judgment may be granted for either party if the evidence filed with the court shows that there is no material question of fact and that a party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56.

Pleadings submitted beyond the submission date will not be considered by the court absent compelling exigent circumstances.

CONSIDERED and ORDERED this 2nd day of September, 2008.

/s/ Ira Dement
SENIOR UNITED STATES DISTRICT JUDGE