## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **MAROUS BROTHERS CONSTRUCTION, INC., et al.,** | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:07-CV-384-RDP-CSC** |
| | } | |
| **ALABAMA STATE UNIVERSITY; et al.,** | } | |
| | } | |
| **Defendants.** | } | |

### MEMORANDUM OPINION

This matter is before the court on Counterclaim Defendant Gil Berry's Motion for Reconsideration and Relief from Judgment.  (Docs. # 207 and 208-2).  The matter has been fully briefed.  (Docs. # 215, 216, 217, 220, 224, 225).

**I.      Procedural History**

Plaintiffs, including Counterclaim Defendant Berry, initiated this lawsuit on May 3, 2007. (Doc. # 1).  It was originally assigned to the Honorable Ira DeMent.  Judge DeMent issued a Scheduling Order on June 22, 2007, setting forth certain deadlines, including a dispositive motions deadline of February 20, 2008, a discovery deadline of April 28, 2008, and a trial date of June 23, 2008.  (Doc. # 20).

Thereafter, the parties engaged in contentious motions practice and conducted at least some discovery.  (*See, generally,* Docket Sheet, Case No. 2:07-CV-384-RDP-CSC).  However, the parties were unable to complete discovery within the initially prescribed period.  Thus, although Defendants filed their dispositive motions in March 2008, the court extended the discovery deadline over six months (until November 12, 2008), denied the pending dispositive motions without prejudice, and

set a new dispositive motions deadline of September 2, 2008. (Doc. # 88). These extensions were at least in part due to Berry's difficulties in obtaining and maintaining legal counsel. (*See, generally,* Docket Sheet, Case No. 2:07-CV-384-RDP-CSC).

On August 29 and September 2, 2008, Defendants filed renewed dispositive motions. (Docs. # 98 and 103). After a full opportunity for briefing (Docs. # 106, 107, 108, 112, 113, 116, 117, 118, 119, 123, 124, 127, 128, 129, 130, 131, 133, 134), on November 24, 2008, Judge DeMent granted Defendants' motions, dismissed all of the claims against the Defendants, leaving only the counterclaim for defamation pending against Berry. (Docs. # 140 and 141).

On December 4, 2008, Berry filed a Motion to Alter or Amend Order asserting that Judge DeMent's decision granting summary judgment to Defendants was erroneous. (Doc. # 144). Judge DeMent denied that motion. (Doc. # 145). On December 9, 2008, the parties submitted to the court a stipulated Pretrial Order setting forth that the only claims to be tried was the counterclaim against Berry. (Doc. # 146).

This case was reassigned to the undersigned on February 18, 2009. Despite the fact that the discovery period was closed and dispositive motions had already been ruled upon, the court allowed Berry an additional period of time to complete certain additional discovery. (Doc. # 155). The additional discovery should have been completed by April 17, 2009. Following a well worn pattern in this case, Berry filed another motion to extend yet another deadline (Doc. # 156), which the court granted. (Doc. # 158). The court's April 20, 2009 Second Amended Scheduling Order set a discovery deadline of May 29, 2009, a pretrial conference for June 2009, and assigned a trial ready date in August 2009. (Doc. # 158).

On or about August 24, 2009, at a time when this case should have been ready for trial, the court was notified that Berry's counsel had been suspended from the practice of law. Therefore, the court stayed this action in order to allow Berry the opportunity to yet again obtain new counsel. (Doc. # 170). Thereafter, a dispute arose between Berry and his former counsel that spanned an additional six months. (Docs. # 171 through 205).

During this dispute with his former counsel, despite the fact that Judge DeMent had already denied a motion to reconsider (Docs. # 144 and 145), on or about October 22, 2009, Berry raised the issue of whether he could reopen his claims against Defendants with the court. However, he did not file the present Motion for Reconsideration and Relief from Judgment until April 21, 2010. (Docs. # 207 and 208-2). That motion has been fully briefed and is under submission.

## II.    Analysis

"'In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly.'"  *Garrett v. Stanton*, 2010 WL 320492, *2 (S.D. Ala. 2010) (quoting *Gougler v. Sirius Products, Inc.*, 370 F.Supp.2d 1185, 1189 (S.D. Ala. 2005)); *see also Spellman v. Haley*, 2004 WL 866837, *2 (M.D. Ala. 2002). In the words of the Honorable William H. Steele of the Southern District of Alabama,

> Far too often, litigants operate under the flawed assumption that any adverse ruling on a dispositive motion confers upon them license to move for reconsideration, vacatur, alteration or amendment as a matter of course, and to utilize that motion as a platform to criticize the judge's reasoning, to relitigate issues that have already been decided, to champion new arguments that could have been made before, and otherwise to attempt a "do-over" to erase a disappointing outcome. This is improper.

*Garrett*, 2010 WL 320492 at *2.

Berry argues that his motion to reconsider is due to be granted on the basis of newly discovered evidence. (Doc. # 208-2 at 1). Although Berry appears to bring his Motion for

Reconsideration under Federal Rule of Civil Procedure 59(e), it appears to more appropriately fall under Rule 60.

Rule 59(e) requires that a "motion to alter or amend a judgment must be filed no later than 28 days[1] after the entry of the judgment."  Federal Rule of Civil Procedure 59(e).  Berry's Motion seeks reconsideration of Judge DeMent's November 24, 2008 Order.  (Doc. 208-2 at 1).  However, the instant motion was not filed until April 21, 2010, well over a year after the judgment it seeks to have reconsidered.  Therefore, Berry's Motion is untimely under Rule 59(e).[2]

An untimely Rule 59 motion automatically becomes a Rule 60(b) motion.  *Mahone v. Ray*, 326 F.3d 1176, 1178 n.1 (11th Cir. 2003) (citing *Talano v. Northwestern Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001) ("When a motion to alter or amend a judgment under Rule 59(e) ... is filed more than 10 days after entry of judgment[, it] automatically becomes a Rule 60(b) motion.")).  Rule 60(b) provides for relief from a judgment or order under limited circumstances, *i.e.,* only for the following reasons:

> (1)    mistake, inadvertence, surprise, or excusable neglect;
>
> (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4)    the judgment is void;

---

[1] In 2009, an amendment to Rule 59 extended its time limit from 10 days to 28 days.

[2] Berry previously filed a timely Rule 59(e) Motion to Alter or Amend Order on December 4, 2008, which was denied by Judge DeMent on December 5, 2008.  (Docs. # 144 and 145).

4

(5)     the judgment has been satisfied, released or discharged; it is
        based on an earlier judgment that has been reversed or
        vacated; or applying it prospectively is no longer equitable; or

(6)     any other reason that justifies relief.

Federal Rule of Civil Procedure 60(b)(1)-(6).

Even under Rule 60(b), however, Berry's motion is still untimely.  Rule 60(c) provides that a motion based on certain provisions of Rule 60(b), including under Rule 60(b)(2), newly discovered evidence, must be "made within a reasonable time ... no more than a year after the entry of the judgment or order."  Federal Rule of Civil Procedure 60(c).  Thus, Berry's motion, which was not filed until well over a year from Judge DeMent's order granting Defendants summary judgment, is time barred.  Federal Rule of Civil Procedure 60(c).[3]

But that is not the only fatal flaw that knocks the bottom out of Berry's motion.  Even if Berry's motion were timely (and to be sure it is not), Berry has not shown that the evidence he relies upon is "newly discovered."  That is, Berry has not shown that the "newly discovered" evidence was not available to him when he was responding to Defendants motions for summary judgment.  Rather, the evidence which Berry claims is "newly discovered" was only recently discovered because Berry and/or his prior counsel failed to conduct necessary discovery during the repeatedly extended period allowed for discovery.

The following items of alleged "newly discovered evidence" were submitted by Berry in support of his motion: the Deposition of Dr. Joe A. Lee dated July 28, 2008 (Doc. # 214-1); Deposition of Chairman Elton N. Dean Sr. dated July 28, 2008 (Doc. # 214-2); Deposition of Percy

---

[3] Berry first raised the idea of moving to reconsider Judge DeMent's order on or about October 22, 2009, a date falling within one year of Judge DeMent's order.  However, the motion was not actually filed until almost six months after that.

D. Thomas dated May 19, 2009 (Doc. # 214-3); Notes of Ken W. Upchurch III dated July 28, 2006 (Doc. # 214-4); Email of Ken W. Upchurch III dated August 20, 2006 (Doc. # 214-5); Letter of Ken W. Upchurch III dated September 21, 2006 (Doc. # 214-6); Deposition of Ken W. Upchurch III dated May 19, 2009 (Doc. # 214-7); TCU Consulting Agreement dated September 26, 2006 (Doc. # 214-8); Affidavit of Jonette C. Anderson Webb dated May 10, 2010 regarding events occurring in July 2006 (Doc. # 220-1); Email of Ken W. Upchurch III dated August 20, 2006 (Doc. # 220-3); Unsigned Letter on Gil Berry and Associates/Student Suites letterhead dated August 18, 2006 (Doc. # 220-3); Email of Ken W. Upchurch III dated August 20, 2006 (Doc. # 220-5); and Email of Ken W. Upchurch III dated September 24, 2006 (Doc. # 220-3).

Only three of these items were created after Defendants' motions for summary judgment were filed, the depositions of Percy D. Thomas and Ken W. Upchurch III, both dated May 19, 2009 (Docs. # 214-3 and 214-7), and the Affidavit of Jonette C. Anderson Webb dated May 10, 2010 regarding events occurring in July 2006 (Doc. # 220-1). All of the other information pre-dates Defendants' motions. The depositions taken in 2009 and the affidavit obtained in 2010 could have been obtained earlier. Thus, Berry cannot show that, *with reasonable diligence*, any newly discovered evidence could not have been discovered in time to respond to Defendants motions for summary judgment or file a timely motion under Rule 59(b). Therefore, Berry has failed to show that any "newly discovered evidence" justifies reconsideration of Judge DeMent's November 24, 2008 decision.

## III.   Conclusion

"A motion for reconsideration cannot be used to 'relitigate old matters, raise argument *or present evidence that could have been raised prior to the entry of judgment*.'" *Wilchombe v. TeeVee*

*Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)) (emphasis added).  Therefore, and for all of the reasons stated above, Berry's Motion for Reconsideration is due to be denied.

      **DONE** and **ORDERED** this    14th    day of July, 2010.

                               **R. DAVID PROCTOR**
                               UNITED STATES DISTRICT JUDGE